# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RYAN NOAH SHAPIRO<br>12 James Way<br>Cambridge, MA  02141, | * <br> * <br> * <br> * | |
| and | * <br> * | |
| JEFFREY STEIN<br>4547 Grant Road, NW<br>Washington, DC  20016, | * <br> * <br> * <br> * | |
| and | * <br> * | |
| NATIONAL SECURITY COUNSELORS<br>1200 South Courthouse Road, Suite 124<br>Arlington, VA  22204, | * <br> * <br> * <br> * | Civil Action No. 1:13-cv-00555 |
| and | * <br> * | |
| TRUTHOUT<br>3539 Bradshaw Road #B-166<br>Sacramento, CA  95827, | * <br> * <br> * <br> * | |
| Plaintiffs, | * <br> * | |
| v. | * <br> * | |
| DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, DC  20530, | * <br> * <br> * <br> * | |
| Defendant. | * <br> * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>COMPLAINT</u>

Plaintiffs Ryan Shapiro, Jeffrey Stein, National Security Counselors, and Truthout bring

this action against Defendant Department of Justice pursuant to the Freedom of Information Act,

5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Privacy Act, 5 U.S.C. § 552a, *et seq.*

(collectively "FOIA/PA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B), 552a(g)(1)(D) and 28 U.S.C. § 1331.

## VENUE

2.     Venue is appropriate under 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(5)  and 28 U.S.C. § 1391.

## PARTIES

3.     Plaintiff Ryan Shapiro ("Shapiro") is a U.S. citizen and is a resident of the Commonwealth of Massachusetts.

4.     Plaintiff Jeffrey Stein ("Stein") is a U.S. citizen and is a resident of the District of Columbia.  Stein is a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A).

5.     Plaintiff National Security Counselors ("NSC") is a non-profit organization under the laws of the Commonwealth of Virginia and has the ability to disseminate information on a wide scale.

6.     Plaintiff Truthout is a non-profit organization under the laws of the state of California.  Truthout is a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A).

7.      Defendant Department of Justice ("DOJ") is an agency within the meaning of 5

U.S.C. § 552(e), and is in possession and/or control of the records requested by Plaintiffs which

are the subject of this action.

8.      The Federal Bureau of Investigation ("FBI") and Office of Information Policy

("OIP") are DOJ components.

9.      Because all counts herein pertain to FBI, FBI will be treated as the "Defendant" to

avoid confusion, even though DOJ is legally the proper party defendant.

## **BACKGROUND**

10.     Historically, when a FOIA request has been filed with FBI for administrative

processing materials pertaining to a previous FOIA request, FBI processed for release "search

slips"—records which document the search performed during the processing of the request in

question—in addition to any other processing materials, notes, emails, etc.  NSC has received

several such search slips in the past in response to its FOIA requests for administrative

processing materials.

11.     These search slips are often the only documentary evidence pertaining to the

search for responsive records retained by FBI.  Because of this, they are often the records

primarily reviewed by OIP when a requester files an administrative appeal challenging the

adequacy of an FBI search, and they form the basis for FBI's sworn declarations regarding its

search in any FOIA litigation.

12.     In or around late 2010, however, FBI began to cease processing search slips for

release, refusing to even review them, let alone release them.  FBI did so for numerous

requesters, of which Plaintiffs are simply examples.  Initially FBI gave no reason for this

failure—claiming only that its search was adequate despite the absence of search slips—but

eventually it began claiming that the information in these search slips was exempt under FOIA

Exemption (b)(7)(E).

13.     During this time, when OIP would locate search slips in its own records in

response to requests for administrative processing materials for appeals of FBI determinations, it

would refer the search slips to FBI, and FBI would redact all substantive information from them

before releasing them.  In one documented instance of such a referral (a record responsive to a

request filed by an NSC client), the only substantive information in a search slip was "NR" (for

No Records), and yet even that was redacted under Exemption (b)(7)(E).

14.     Also during this time, OIP began affirming the FBI searches which had failed to

yield any search slips "on modified grounds," stating that FBI had properly withheld information

under Exemption (b)(7)(E) even when FBI had made no such withholding claims.

15.     On 16 March 2012 an OIP representative informed NSC Executive Director Kel

McClanahan that FBI had adopted a blanket policy of refusing to process search slips less than

twenty-five years old for release based on Exemption (b)(7)(E) and that OIP endorsed it.

16.     On 20 November 2012 Plaintiffs filed suit in the U.S. District Court for the

District of Columbia in the case *Shapiro v. DOJ*, No. 12-1883 (D.D.C.) ("Case 12-1883").  The

first four counts of Plaintiffs' complaint consisted of specific examples of FOIA/PA requests in

which FBI had refused to process search slips or was reasonably expected to do so, and the fifth

count consisted of a formal challenge to FBI's stated policy of considering search slips less than

twenty-five years old to be blanketly exempt under Exemption (b)(7)(E).

17.     On 17 April 2013 Judge Howell ordered all counts but one (including Counts 1-5)

to be severed from the complaint in Case 12-1883 and refiled in different cases.  Accordingly,

Plaintiffs refile Counts 1-5, with modifications, in this Complaint, on the grounds that they all

4

are challenges to the same policy, both as specific challenges to specific claims of exemption
and as a general challenge to the policy itself.

18.     No Plaintiffs have requested and been denied the same exact search slips, but they
have all requested search slips and been denied (or reasonably expect to be denied) on the basis
of the same blanket policy, in which the exact nature of the search slips requested plays no role
beyond the 25-year cut-off.

### FIRST CAUSE OF ACTION

### (NSC – RECORDS DENIAL – 1152912-002, 1152931-002, 1152932-002, 1152933-002, 1152934-002, 1152935-002, 1174832-000)

19.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth
above.

*Request Nos. 1152912-002, 1152931-002, 1152932-002, 1152933-002, 1152934-002, and
1152935-002*

20.     On 26 October 2010 NSC submitted to FBI a FOIA request for the administrative
processing files for seven specified FOIA requests.

21.     On 6 December 2010 FBI acknowledged receipt of this request and assigned it
Request No. 1156218-000.  FBI released eight redacted pages from the "Notes" section of the
FBI FOIPA Document Processing System ("FDPS").  FBI did not withhold any records in their
entirety.

22.     On 13 January 2011 NSC appealed the adequacy of FBI's search to OIP.  OIP
acknowledged this appeal on 31 January 2011 and assigned it Appeal No. AP-2011-00881.

23.     On 24 June 2011 OIP remanded this request to the FBI for further searches.

24. On 21 September 2011 FBI released the same records to NSC regarding six[1] of the original FOIA requests, dividing Request No. 1156218-000 into Request Nos. 1152912-002, 1152931-002, 1152932-002, 1152933-002, 1152934-002, and 1152935-002.  FBI did not withhold any records in their entirety.

25. On 4 November 2011 NSC again appealed the adequacy of FBI's searches to OIP. In this appeal NSC specifically made note of the fact that no search slips were processed.  OIP acknowledged these appeals on 16 November 2011 and assigned them Appeal Nos. AP-2012-00449, AP-2012-00450, AP-2012-00451, AP-2012-00452, AP-2012-00453, and AP-2012-00454.

26. On 20 January 2012 OIP remanded this request to the FBI for further searches. OIP further stated, "Because [search slips] would be categorically exempt from disclosure, the FBI properly asserted Exemption 7(E) and was not required to conduct a search for such records," despite the fact that FBI had never asserted Exemption (b)(7)(E) or even acknowledged that there were records it did not search for.

### Request No. 1174832-000

27. On 5 October 2011 NSC submitted to FBI a FOIA request for the administrative processing files for twelve specified FOIA requests.

28. On 6 October 2011 FBI acknowledged receipt of this request and assigned it Request No. 1174832-000.

29. On 31 October 2011 FBI released six redacted pages to NSC pertaining to one of the original requests and declared all records about the remaining eleven requests to be blanketly exempt without privacy waivers.  There is no indication FBI conducted a search for responsive records pertaining to the remaining eleven requests.

---

[1] The seventh request is not the subject of this complaint.

6

30.     On 9 November 2011 NSC appealed FBI's refusal to search for responsive records to OIP.  OIP acknowledged this appeal on 22 November 2011 and assigned it Appeal No. AP-2011-00551.

31.     On 15 February 2012 OIP affirmed FBI's determination "on partly modified grounds."  OIP again invoked Exemption (b)(7)(E) even though FBI had never asserted it.

32.     NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by FBI of said right.

## SECOND CAUSE OF ACTION

### (STEIN – RECORDS DENIAL – 1174507-000, 1182250-000, 1182251-000)

33.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

### Request No. 1174507-000

34.     On 28 September 2011 Stein submitted to FBI a FOIA request for all information pertaining to the searches conducted by FBI which was used, referenced, or relied upon in the Declarations of David Hardy to defend the adequacy of the FBI's searches in six specified cases.

35.     On 4 October 2011 FBI acknowledged receipt of this request and assigned it Request No. 1174507-000.  FBI refused to process the request without privacy waivers.

36.     On 6 October 2011 Stein appealed this determination to OIP.  OIP acknowledged this appeal on 24 May 2012 and assigned it Appeal No. AP-2012-02371.

37.     On 25 September 2012 OIP affirmed FBI's determination "on modified grounds." OIP again invoked Exemption (b)(7)(E) even though FBI had never asserted it.

*Request Nos. 1182250-000 and 1182251-000*

38.     On 10 November 2011 Stein submitted to FBI a FOIA request for all information pertaining to the searches conducted by FBI which was used, referenced, or relied upon in the Declarations of David Hardy to defend the adequacy of the FBI's searches in two specified cases.

39.     On 15 February 2012 FBI acknowledged receipt of this request, divided it in two, and assigned them Request Nos. 1182250-000 and 1182251-000.

40.     On 31 May 2012 FBI released multiple records responsive to Request No. 1182250-000 and withheld several others.

41.     On 4 June 2012 Stein appealed this determination to OIP.  OIP acknowledged this appeal on 11 June 2012 and assigned it Appeal No. AP-2012-02511.

42.     On 27 September 2012 OIP affirmed FBI's withholdings.

43.     As of this writing FBI has not issued a final determination for Request No. 1182251-000.

44.     As twenty working days have elapsed without a substantive determination by FBI, Stein has exhausted all required administrative remedies.

45.     Stein has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by FBI of said right.

## THIRD CAUSE OF ACTION

## (TRUTHOUT – RECORDS DENIAL – 1196979-000)

46.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

8

47.     On 24 January 2012 Truthout submitted to FBI a FOIA request for the administrative processing file for FOIA Request No. 1164662-000.

48.     On 17 August 2012 FBI acknowledged receipt of this request and assigned it Request No. 1196979-000 and stated that all responsive records are blanketly exempt.  FBI made no mention of whether it performed a search or placed a litigation hold on all responsive records.

49.     On 12 September 2012 Truthout appealed this determination to OIP.  OIP acknowledged this appeal on 27 September 2012 and assigned it Appeal No. AP-2012-03444.

50.     On 7 March 2013 OIP informed Truthout that it had closed this appeal because Plaintiffs had filed Case 12-1883.

51.     As twenty working days had elapsed before the filing of Case 12-1883 without a substantive determination by OIP, Truthout has exhausted all required administrative remedies.

52.     Truthout has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by FBI of said right.

## FOURTH CAUSE OF ACTION

## (SHAPIRO – CONSTRUCTIVE RECORDS DENIAL – 59 REQUESTS)

53.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

54.     On 10 February 2012 Shapiro submitted to FBI a FOIA/PA request for the administrative processing files for seventy-one specified FOIA requests filed by him, specifying that search slips and Case Evaluation Forms were to be considered responsive.  Fourteen of these specified FOIA requests are currently the subject of the case *Shapiro v. DOJ*, No. 12-313 (BAH).

55.     Between 15 February 2012 and 29 February 2012 FBI acknowledged receipt of this request and assigned it fifty-nine individual request numbers.

9

56.     As of this writing FBI has not issued a final determination for any of these requests.

57.     As twenty working days has elapsed without substantive determinations by FBI, Shapiro has exhausted all required administrative remedies.

58.     Shapiro has a legal right under FOIA/PA to obtain the information he seeks, and there is no legal basis for the denial by FBI of said right.

## FIFTH CAUSE OF ACTION

## (ALL – BLANKET INVOCATIONS OF EXEMPTION (B)(7)(E))

59.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

60.     Both FBI and OIP have acknowledged the existence of a policy of blanketly considering search slips for requests older than twenty-five years to be exempt under Exemption (b)(7)(E).

61.     Records documenting an FBI search for records responsive to a FOIA request are not properly covered by Exemption (b)(7)(E).  This holds doubly true for FOIA requests which become the subject of litigation, given the fact that information contained in those search slips is officially released in the sworn declarations filed by FBI.

62.     A policy of blanketly refusing to process search slips younger than a certain age based on Exemption (b)(7)(E) is a violation of FOIA.  Such a policy constitutes outrageous conduct for purposes of the broad equitable powers provided by FOIA to the Court.  Such a policy is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

63.     As frequent FOIA requesters to FBI for administrative processing materials who have made many such requests in the past and will continue making such requests, Plaintiffs stand to continue to be harmed by this ongoing practice in the future.

64.     Plaintiffs currently have several FOIA/PA requests for administrative processing materials pending with FBI which are vulnerable to this policy but are not included in this litigation.  The requests included herein are simply examples of the requests already filed by Plaintiffs, and Plaintiffs continue to file requests for FBI administrative processing materials to which search slips will continue to be responsive.

65.     Plaintiffs are therefore entitled to relief in the form of a declaratory order that FBI is in violation of its statutory responsibilities under FOIA and an order enjoining FBI pursuant to that statute from invoking Exemption (b)(7)(E) to withhold information about FOIA searches.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Ryan Shapiro, Jeffrey Stein, National Security Counselors, and Truthout pray that this Court:

(1)     Order the Federal Bureau of Investigation to release all requested records to Plaintiffs;

(2)     Declare and find that the Department of Justice violated FOIA by declaring information about FBI FOIA searches conducted within the last twenty-five years blanketly exempt under Exemption (b)(7)(E);

(3)     Declare and find that any DOJ regulations, guidelines, or policy statements that authorize the blanket invocation of Exemption (b)(7)(E) to withhold information about FBI FOIA searches constitute an unreasonable interpretation of the statutory obligations imposed by FOIA;

(4)    Enjoin DOJ from invoking Exemption (b)(7)(E) to withhold information about

FOIA searches and to amend its regulations, guidelines, and policy statements accordingly;

(5)    Order preliminary and permanent injunctive and/or declaratory relief as may be

appropriate;

(6)    Award reasonable costs and attorneys' fees as provided in 5 U.S.C. §

552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(7)    Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(8)    Grant such other relief as the Court may deem just and proper.

Date:   April 24, 2013

Respectfully submitted,


/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1200 South Courthouse Road
Suite 124
Arlington, VA  22204
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org


/s/ Jeffrey L. Light
Jeffrey L. Light, Esq.
D.C. Bar #485360
1712 Eye Street, NW
Suite 915
Washington, DC  20006
202-277-6213
Jeffrey.Light@yahoo.com


*Counsel for Plaintiffs*