# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RYAN NOAH SHAPIRO, JEFFREY STEIN, NATIONAL SECURITY COUNSELORS, and TRUTHOUT,** | ) ) ) ) |
| **Plaintiffs,** | ) ) |
| | ) **Civil Action No. 13-CV-555** |
| **v.** | ) ) |
| **U.S. DEPARTMENT OF JUSTICE,** | ) ) |
| **Defendant.** | ) ) |

## ANSWER

Defendant, U.S. Department of Justice ("DOJ"), by and through undersigned counsel, hereby answers the unnumbered and numbered paragraphs of plaintiffs' Complaint as follows:

The first unnumbered paragraph consists of plaintiffs' characterization of their Complaint, to which no response is required. Defendant respectfully refers the court to the cited statutory provisions for complete and accurate statements of their contents.

1.      This paragraph consists of plaintiffs' legal conclusions regarding subject matter and personal jurisdiction, to which no answer is required. Defendant respectfully refers the court to the cited statutory provisions for complete and accurate statements of their contents.

2.      This paragraph consists of plaintiffs' legal conclusion regarding venue, to which no answer is required. Defendant respectfully refers the court to the cited statutory provisions for complete and accurate statements of their contents.

3.      This paragraph consists of plaintiffs' characterization of Ryan Shapiro ("Shapiro"). Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph.

4.      This paragraph consists of plaintiffs' characterization of Jeffrey Stein ("Stein"). Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph.

5.      This paragraph consists of plaintiffs' characterization of National Security Counselors ("NSC").  Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph.

6.      This paragraph consists of plaintiffs' characterization of Truthout ("Truthout"). Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph.

7.      Defendant admits only that the Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(e).  Defendant respectfully refers the court to the cited statutory provision for a complete and accurate statement of its contents.  This paragraph otherwise consists of legal conclusions, to which no response is required.

8.      Admit.

9.      Defendant admits only that plaintiffs' claims concern the Federal Bureau of Investigation's ("FBI's") responses to FOIA requests they submitted and that DOJ, and not the FBI is the proper party defendant in FOIA litigation.

**<u>BACKGROUND</u>**

10.     Defendant admits only that the FBI has processed search slips in response to FOIA requests.

11.     Defendant admits only that search slips are one means by which document the FBI documents its FOIA searches, that DOJ's Office of Information Policy ("OIP") has reviewed FBI search slips in adjudicating appeals of FBI decisions, and that the FBI has referred

to search slips in drafting some declarations in FOIA litigation.  Defendant otherwise lacks

sufficient information or knowledge about the basis for plaintiffs' allegations to admit or deny

them.

12.     Defendant admits only that the FBI has withheld search slips pursuant to FOIA

Exemption 7(E) under some circumstances.  Defendant otherwise lacks sufficient information or

knowledge about the basis for plaintiffs' allegations to admit or deny them.

13.     Defendant admits only that the FBI has released some search slips with exempt

information redacted and that in response to FOIA requests, OIP has referred FBI documents in

its possession to the FBI for processing, consistent with DOJ FOIA regulations.  Defendant

otherwise lacks sufficient information or knowledge about the basis for plaintiffs' allegations to

admit or deny them.

14.     Defendant lacks sufficient information or knowledge about the basis for

plaintiffs' allegations to admit or deny them.

15.     Defendant lacks sufficient information or knowledge about the basis for

plaintiffs' allegations to admit or deny them.

16.     Defendant admits the first sentence of this paragraph.  The remainder of the

paragraph consists of plaintiffs' characterization of its Complaint in *Shapiro et al. v. DOJ*, 12-

CV-1883 (D. D.C.), to which no response is required.

17.     Defendant admits the first sentence of this paragraph.  The remainder of this

paragraph consists of plaintiffs' explanation of their reasons for re-filing the claims in this

Complaint, about which defendant lacks sufficient information or knowledge to admit or deny.

18.     Defendant admits only that plaintiffs have all requested FBI search slips, and that none of them has requested or been denied access to the same FBI search slips.  The remainder of this paragraph consists of plaintiffs' legal conclusions, to which no response is required.

## FIRST CAUSE OF ACTION (NSC)

19.     Defendant reasserts each of its responses to the preceding paragraphs.

20.     Defendant admits only that NSC submits a FOIA request dated October 26, 2010 to the FBI.  Defendant denies plaintiffs' characterization of the request, which speaks for itself, and respectfully refers the court to it for a complete and accurate statement of its contents.

21.     Admit.  The FBI's letter speaks for itself and defendant respectfully refers the court to it for a complete and accurate statement of its contents.

22.     Admit.  NSC's appeal and OIP's letter speak for themselves and defendant respectfully refers the court to them for complete and accurate statements of their contents.

23.     Admit.  OIP's remand letter speaks for itself and defendant respectfully refers the court to it for a complete and accurate statement of its contents.

24.     Admit.  The FBI's responses speak for themselves and defendant respectfully refers the court to them for complete and accurate statements of their contents.

25.     Admit.  NSC's appeal and OIP's letter speak for themselves and defendant respectfully refers the court to them for complete and accurate statements of their contents.

26.     Defendant admits only that OIP remanded the request to the FBI for further processing on January 20, 2012.  Defendant denies plaintiffs' characterization of OIP's letter, which speaks for itself, and respectfully refers the court to it for a complete and accurate statement of its contents.

4

27.     Defendant admits only that NSC submitted a FOIA request dated October 5, 2011 to the FBI.  Defendant denies plaintiffs' characterization of the request, which speaks for itself, and respectfully refers the court to it for a complete and accurate statement of its contents.

28.     Admit.  The FBI's letter speaks for itself and defendant respectfully refers the court to it for a complete and accurate statement of its contents.

29.     Admit.

30.     Admit.  NSC's appeal and OIP's letter speak for themselves and defendant respectfully refers the court to them for complete and accurate statements of their contents.

31.     Defendant admits only that OIP affirmed the FBI's determination on February 15, 2012.  Defendant denies plaintiffs' characterization of OIP's letter, which speaks for itself, and respectfully refers the court to it for a complete and accurate statement of its contents.

32.     This paragraph consists of plaintiffs' legal conclusions, to which no response is required.

## SECOND CAUSE OF ACTION (STEIN)

33.     Defendant reasserts each of its responses to the preceding paragraphs.

34.     Defendant admits only that Stein submitted a FOIA request to the FBI dated September 28, 2011.  The request speaks for itself and defendant respectfully refers the court to it for a complete and accurate statement of its contents.

35.     Admit.  The FBI's letter speaks for itself and defendant respectfully refers the court to it for a complete and accurate statement of its contents.

36.     Admit.  Stein's appeal and OIP's letter speak for themselves and defendant respectfully refers the court to them for complete and accurate statements of their contents.

37.     Defendant admits only that OIP affirmed the FBI's determination on September 25, 2012.  Defendant denies plaintiffs' characterization of OIP's letter, which speaks for itself, and respectfully refers the court to the letter for a complete and accurate statement of its contents.

38.     Defendant admits only that Stein submitted a FOIA request to the FBI dated November 10, 2011.  The request speaks for itself and defendant respectfully refers the court to it for a complete and accurate statement of its contents.

39.     Admit.  The FBI's letters speak for themselves and defendant respectfully refers the court to them for complete and accurate statements of their contents.

40.     Admit.

41.     Admit except that the appeal was dated June 3, 2012, and not June 4, 2012, as alleged in the Complaint.  Stein's appeal and OIP's letter speak for themselves and defendant respectfully refers the court to them for complete and accurate statements of their contents.

42.     Admit.  OIP's letter speaks for itself and defendant respectfully refers the court to it for a complete and accurate statement of its contents.

43.     Deny.

44.     This paragraph consists of plaintiffs' legal conclusions, to which no response is required.

45.     This paragraph consists of plaintiffs' legal conclusions, to which no response is required.

**THIRD CAUSE OF ACTION (TRUTHOUT)**

46.     Defendant reasserts each of its responses to the preceding paragraphs.

47.    Defendant admits only that Truthout submitted a FOIA request to the FBI dated January 2, 2012.  Defendant denies plaintiffs' characterization of the request, which speaks for itself, and respectfully refers the court to it for a complete and accurate statement of its contents.

48.    Admit.  The FBI's letter speaks for itself and defendant respectfully refers the court to it for a complete and accurate statement of its contents.

49.    Admit.  OIP's letter speaks for itself and defendant respectfully refers the court to it for a complete and accurate statement of its contents.

50.    Admit.  OIP's letter speaks for itself and defendant respectfully refers the court to it for a complete and accurate statement of its contents.

51.    This paragraph consists of plaintiffs' legal conclusions, to which no response is required.

52.    This paragraph consists of plaintiffs' legal conclusions, to which no response is required.

## FOURTH CAUSE OF ACTION (SHAPIRO)

53.    Defendant reasserts each of its responses to the preceding paragraphs.

54.    As to the first sentence of this paragraph, defendant admits only that Shapiro submitted a FOIA request to the FBI dated February 10, 2012.  Defendant denies plaintiffs' characterization of the request, which speaks for itself, and respectfully refers the court to it for a complete and accurate statement of its contents.  The second sentence of this paragraph alleges that Shapiro's request is related to 14 other requests that he has submitted to the FBI that are the subject of *Shapiro v. DOJ*, 12-CV-313 (D.D.C.), but fails to identify which fourteen requests he believes are related.  Defendant admits only that eleven of the subjects of Shapiro's February 12, 2012 FOIA request are related to *Shapiro v. DOJ*, 12-CV-313 (D.D.C.).

55.     Plaintiffs failed to identify the 59 request numbers to which they refer in this paragraph.  Defendant admits only that it sent acknowledgment letters between February 15 and 29, 2012 with regard to 58 file numbers.

56.     Admit.  Defendant further states that the FBI responded to each of the 58 requests on April 29, 2013.

57.     This paragraph consists of plaintiffs' legal conclusions, to which no response is required.

58.     This paragraph consists of plaintiffs' legal conclusions, to which no response is required.

## FIFTH CAUSE OF ACTION

59.     Defendant reasserts each of its responses to the preceding paragraphs.

60.     Deny.

61.     The first sentence and first clause of the second sentence consist of plaintiffs' legal arguments/conclusions, to which no response is required.  Defendant denies the second clause of the second sentence.

62.     This paragraph consists of plaintiffs' legal arguments/conclusions, to which no response is required.

63.     Defendant admits only that each plaintiff submitted at least one FOIA request seeking records related to the FBI's processing of FOIA requests.  Defendant lacks sufficient information or knowledge to admit or deny whether plaintiffs will continue to do so.  Defendant denies that plaintiffs have been or will be harmed by the FBI's withholding of information exempt from disclosure under FOIA Exemption 7(E).

64.     Defendant admits only that plaintiffs have other FOIA requests pending with the FBI that are not at issue in this litigation.  Defendant lacks sufficient information or knowledge about the basis for plaintiffs' allegations in the second sentence of this paragraph to admit or deny them.

65.     This paragraph consists of plaintiffs' legal conclusions, to which no response is required.

## PRAYER FOR RELIEF

The remaining paragraphs in the Complaint consist of plaintiffs' prayer for relief, to which no response is required.  To the extent a response is deemed required, defendant denies the allegations in the remainder of the Complaint and further states that plaintiffs are not entitled to the requested relief or any other relief from defendant.

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, defendant asserts a general denial as to those allegations in plaintiffs' Complaint that are not specifically admitted herein.

WHEREFORE, having fully answered, defendant respectfully requests that plaintiffs' Complaint be dismissed with prejudice, and that this court award defendant such other and further relief as the court may deem just and proper.

June 5, 2013                                    Respectfully submitted,


                                               RONALD C. MACHEN JR, D.C. BAR # 447889
                                               United States Attorney
                                               for the District of Columbia

                                               DANIEL F. VAN HORN, D.C. Bar # 924092
                                               Civil Chief

By:_____/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157