**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RYAN NOAH SHAPIRO, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 1:13-cv-00555 (RWR) |
| | * | |
| DEPARTMENT OF JUSTICE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

*   *   *   *   *   *   *   *   *   *   *   *   *

**PLAINTIFFS' RESPONSE TO THE COURT'S ORDER**

On 12 June 2013 the Court issued an Order directing Plaintiffs to show cause why Counts 1-4 should not be severed from Count 5 or dismissed. (Order to Show Cause, Dkt. #8 (filed June 12, 2013).) Plaintiffs accordingly submitted their response on 24 June 2013. (Pls.' Resp. to Court's Order to Show Cause, Dkt. #9 (filed June 24, 2013).) On 1 July 2013 the Court further ordered Plaintiffs to clarify whether the Freedom of Information Act ("FOIA") requests at issue in Counts 1-4 were limited to only search slips. (Minute Order (filed July 1, 2013).) Accordingly, Plaintiffs hereby provide the following response.

The Court is correct that the requests at issue in these four counts involve more than just search slips; they are for the administrative case files associated with other Federal Bureau of Investigation ("FBI") requests. These administrative case files, upon information and belief informed by FBI's responses to other requests, are generally fewer than ten pages in length[1] and are primarily comprised of two types of records: 1) analysts and reviewers' notes and

---

[1] This estimate excludes copies of records which were responsive to the request covered by the case file, which are not responsive to any of Plaintiffs' requests.

correspondence; and 2) search slips.[2]  Based upon a loose survey of other administrative case files, Plaintiffs estimate that the second category—search slips—generally accounts for roughly 30-50% of an average case file.  While this estimate is based on a very small sample size, the one critical fact remains that virtually every single case file includes a proportionally significant number of search slips.

Each of the requests at issue in these four counts is a simple, straightforward request for one or more case files.  They are not convoluted requests seeking unrelated documents.  Even given the presence of other responsive records, because of the blanket policy regarding search slips, severing the individual requests from this case and requiring them to be refiled would still result in the exact same arguments appearing in five different cases for why the "search slips" policy is proper or improper, with up to five judges being asked to resolve the same legal question.  Rather than improving judicial efficiency, such a result would unnecessarily increase the burden on both parties and the judges asked to read these duplicate arguments.

Nor would it be equitable to force Plaintiffs to artificially restrict the scope of their proper requests just to avoid having to make the same "search slips" argument over and over again in numerous briefs.  Moreover, if previous filings in other cases are any indicator, the Court will likely find, should it leave this case undisturbed, that FBI's arguments for all of the withholdings of analysts' notes will be virtually identical as well, relying on conclusory

---

[2] Plaintiffs also have reason to believe that other types of records may also be present in occasional case files.

assertions of deliberative process, chilling effects, intra-agency coordinations of requests, and the like, without any significant amount of detail about individual redactions.[3]

Accordingly, the Court should leave this case as it currently stands, at least until FBI has filed its dispositive motion. If, after seeing FBI's arguments for itself, the Court then decides that it may be prudent to sever the cases, Plaintiffs are willing to revisit the issue, but doing so at this early stage based only on speculation about what arguments would or would not be made is premature.

If the Court determines that it cannot proceed with this case as is because the requests at issue are broader than search slips, then it should adopt the amendment proposed in Plaintiffs' previous response:

1. Drop Counts 1-3 as individual causes of action, leaving only Count 4 and the Policy Count (Count 5).
2. Keep the facts surrounding Counts 1-3 part of the record to demonstrate standing to bring the Policy Count.
3. If the Court finds in Plaintiffs' favor on Count 5, order FBI to reprocess the requests identified in the old Counts 1-3 accordingly.

Such an amendment would effectively transform this case into a single FOIA request[4] and a single policy challenge based on part of that request.

---

[3] FBI has even hinted in some recent letters at the existence of a new policy of considering these notes to also be blanketly exempt, this time under Exemption (b)(5). (*See, e.g.*, Compl., Dkt. #1, ¶ 48 (filed Apr. 24, 2013) (request for entire case file denied because all records were blanketly exempt).) A copy of that denial letter has been attached as Ex. A; it is noteworthy that FBI does not state that the records themselves are exempt, only that they are *in a file which is exempt*. That statement suggests a determination that administrative case files *themselves* are now considered protected by Exemption (b)(5), with no line-by-line review needed.

However, as stated before, Plaintiffs only offer this compromise as a final option in the interest of judicial economy. Plaintiffs believe that joinder is appropriate in this case and the Court should not modify it in any way.

Date:   July 8, 2013

                                      Respectfully submitted,

                                      /s/ Kelly B. McClanahan
                                      Kelly B. McClanahan, Esq.
                                      D.C. Bar #984704
                                      National Security Counselors
                                      1200 South Courthouse Road
                                      Suite 124
                                      Arlington, VA  22204
                                      301-728-5908
                                      240-681-2189 fax
                                      Kel@NationalSecurityLaw.org

                                      *Counsel for Plaintiffs*

---

[4] Despite FBI's decision to divide Ryan Shapiro's request into multiple parts, he submitted it as a single request.