UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RYAN NOAH SHAPIRO, JEFFREY STEIN, NATIONAL SECURITY COUNSELORS, and TRUTHOUT, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 13-CV-555 |
| v. | ) ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S RESPONSE
TO THE COURT'S ORDERS TO SHOW CAUSE**

In a prior related lawsuit, the four Plaintiffs brought thirteen claims that dealt with twenty unrelated requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act ("PA"), 5 U.S.C. § 552a. The court retained Count 13, but severed Counts 1-12 because they were "logically distinct" and would "lead to inefficient, piecemeal litigation." *See Shapiro, et al., v. Department of Justice*, Civil Case No. 12-1883 (2013), ECF No. 28 at 1. Judge Howell then ordered the claims to be dismissed "unless, by May 17, 2013, they are refiled in *appropriate separate* actions," *id.* at 7 (emphasis added).

Plaintiffs have not complied with Judge Howell's order, nor have they complied with this Court's Order to Show Cause as to why Counts 1-4 should not be severed from Count 5 under the Federal Rules for Civil Procedure Rule 21 or dismissed. *See* Order to Show Cause, ECF No. 8 at 2. This Court ordered Plaintiffs to show that "their numerous individual requests arise out of the same transaction or occurrence." *See id.* Instead, Plaintiffs have disregarded the Court's prior Order and have merely repeated a proposition that was explicitly rejected by Judge Howell and was the basis for originally severing the claims.

On April 24, 2013, Plaintiffs refiled five of the counts in this present action.  *See* ECF No. 1 at 12.  Count 1 of the complaint challenges denied FOIA requests made by Plaintiff National Security Counselors ("NSC") for various records, including search slips from the FBI.  *See id.* ¶ 19-32.  Count 2 of the complaint challenges denied FOIA requests made by Plaintiff Stein for various records, including search slips from the FBI. *See id.* ¶ 33-45.  Count 3 challenges denied FOIA requests made by Plaintiff Truthout for various records, including search slips from the FBI.  *See id.* ¶ 46-52.  Count 4 challenges denied FOIA requests made by Plaintiff Shapiro for various records, including search slips from the FBI .  *See id.* ¶ 53-58.

Plaintiffs claim that Count 5, which challenges the FBI's "policy of blanketly refusing to process search slips younger than a certain age based on Exemption (b)(7)(E)," ECF No. 1, ¶ 62, is the common transaction or occurrence because "they have all requested search slips and been denied (or reasonably expect to be denied) on the basis of the same blanket policy," *See* Plaintiff's Response to the Court's Order to Show Cause, ECF No. 9 at 2.  However, Plaintiffs do not cite a single source of authority in support of this proposition.  Conversely, the legal principles indicating that these claims should be severed are well-established and the Court expressly considered and rejected Plaintiffs' theory in its decision to sever the claims initially.  *See Shapiro,* Civil Case No. 12-1883 (2013), ECF No. 28 at 6.

Fed. R. Civ. P. 20 requires that "[p]ersons may join together in one action as plaintiffs if they assert a right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action."  To satisfy the first prong of Rule 20(a), the claims must be "logically related."  *Disparte v. Corporate Exec. Bd.,* 223 F.R.D. 7, 10 (D.D.C. 2004)(citing *Moore v. New York Colton Exchange*, 270 U.S. 593, 610 (1926).  To

satisfy the second prong, the claims must share "some common question of law or fact." *Id.* (citing *Mosley v. General Motors Corp.* 497 F.2d 1330, 1334 (8th Cir. 1974)).

Rule 21 of the Federal Rules of Civil Procedure states that "[t]he court may . . . sever any claim against any party," Fed. R. Civ. P. 21. It is often used to sever parties improperly joined under Rule 20, but courts have a broad range of discretion when it comes to severing claims. The court should be "guided by the underlying aims of joinder, which include promoting judicial economic, expediting the resolution of disputes, and eliminating unnecessary litigation." *Council on American-Islamic Relations Action Network, Inc. v. Gaubatz*, 891 F.Supp.2d 13, 30 (D. D.C. 2012)(citing *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002)).

As the First Circuit noted, "the prevailing rule in our sister circuits is that a finding of misjoinder is not a prerequisite to severing parties or claims under Rule 21," *Acevedo-Garcia v. Monroig*, 531 F.3d 547, 560 (1st Cir. 2003); *see also Wyndham Assoc. v. Binliff*, 398 F.2d 614, 618 (2d Cir. 1968)(finding that Rule 21 "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance."); *Safeco Ins. Co. v. City of White House,* 36 F.3d 540, 545-46 (characterizing this principle as the majority view); *Aiello v. Kingston,* 947 F.2d 834, 835 (7th Cir. 1991) (noting that Rule 21 "allows a court to sever claims that are logically distinct").

Plaintiffs are improperly joined because their claims are not logically related. Like Plaintiffs' previous action, Counts 1 to 4 were made at different times, by different people, seek different documents, and "deal with . . . unrelated FOIA/PA requests that are at varying stages of administrative processing and thus are 'logically distinct." *Shapiro,* Civil Case No. 12-1883 (2013), ECF No. 28 at 7. Plaintiffs do not contend that their injuries, allegedly caused by this policy, "arise out of any common transaction or occurrence, such as a jointly filed FOIA request,

or separately filed requests for the same records . . . it is entirely possible that each of the plaintiffs was injured by these alleged policies or practices in the course of separate and distinct transactions and occurrences." *Id.* at 5.

Plaintiffs claim that the FBI's refusal to release search slips is the common transaction or occurrence, but they do not allege that they seek the same search slips or that the individual search slips are in any way related. In Plaintiffs' Response to the Court's (second) Order to Show Cause, *see* ECF No. 10 at 1, Plaintiffs acknowledge that the search slips are not the only records they are seeking. They also are requesting the administrative case files associated with the many requests by each of the four plaintiffs. These administrative files are completely unrelated from each other and other than reasserting that they are tied together by the policy of denying newer search slips, Plaintiffs do not adequately show that they stem from a common transaction or occurrence. The only thing that Plaintiffs claims have in common is that they stem from FOIA requests, which are processed similarly by the FBI.

The Court considered Plaintiffs' proposition that the policy itself could be the common transaction or occurrence, but ultimately decided against it. *See id.* at 5-6. It was "concerned by the recent practice of FOIA litigants . . . of using policy-or-practice claims as a "hook" to shoehorn a broad array of FOIA claims into one civil action." *Id.* at 6. As the Court noted:

> This sort of catch-all pleading has a tendency to delay, rather than expedite, the Court's consideration of such cases because dispositive motions are inevitably filed in piecemeal fashion, *see, e.g., Nat'l Sec. Counselors, et al. v. CIA*, Civil Case No. 11-444 (D.D.C filed Feb. 28, 2011) (three separate partial dispositive motions filed), and non-dispositive motions regarding one or a small set of claims can delay consideration of the other claims, *see, e.g.*, *Nat'l Sec. Counselors, et al. v. CIA*, Civil Case No. 12-284 (motion to stay and motion for class certification regarding three of twenty-six causes of action). *Id.*

Therefore, even assuming *arguendo* that Plaintiff's claims are properly joined and logically related through the FBI's policy of only releasing search slips that are over 25 years old, considerations of trial convenience and judicial economy warn against allowing these many, multifarious claims to proceed as one civil action.

Because Plaintiffs have not refiled these claims in appropriate separate actions, as already ordered by this Court, and because Plaintiffs have failed to adequately respond to this Court's two Orders to Show Cause, Defendant agrees that the Court's Order to Show Cause, an Order for dismissal this action and/or, an Order to refile Plaintiffs claims completely independently of one another may be justified.

August 9, 2013                                                  Respectfully submitted,


                                                                RONALD C. MACHEN JR, D.C. BAR # 447889
                                                                United States Attorney
                                                                for the District of Columbia

                                                                DANIEL F. VAN HORN, D.C. Bar # 924092
                                                                Civil Chief


                                                                By:_____/s/_____
                                                                KENNETH ADEBONOJO
                                                                Assistant United States Attorney
                                                                Judiciary Center Building
                                                                555 4th Street, N.W. – Civil Division
                                                                Washington, D.C.  20530
                                                                (202) 514-7157