UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
RYAN SHAPIRO, *et al.*,            )
)
       Plaintiffs,            )
)
   v.                                       )    Civil Action No. 13-0555 (PLF)
)
DEPARTMENT OF JUSTICE,   )
)
       Defendant.              )
_____)


MEMORANDUM OPINION AND ORDER

       The claims presented in this case initially were brought in Shapiro v. Department of Justice, Civil Action No. 12-1883 (BAH), within a thirteen-count complaint challenging the denials of numerous Freedom of Information Act ("FOIA") requests as well as three discrete FOIA-related practices by the Department of Justice. On April 17, 2013, Judge Beryl A. Howell issued a decision concluding that severance of the claims in that case, "which deal with twenty unrelated FOIA/PA requests that are at varying stages of administrative processing," was "appropriate 'to promote the efficient administration of justice.'" Shapiro v. Department of Justice, Civil Action No. 12-1883, at 6-7 (Apr. 17, 2013) (citing 4 JAMES WILLIAM MOORE ET AL., MOORE'S FEDERAL PRACTICE § 21.05 (3d ed. 2013)). Judge Howell severed twelve of the thirteen counts and ordered that they be dismissed unless the plaintiffs "refiled [them] in appropriate separate actions." Id. at 7.

       On April 24, 2013, plaintiffs refiled five of these claims in a new complaint, thereby initiating this case. In their new complaint, four plaintiffs seek an order directing the FBI to provide the documents requested by each of them in their separate FOIA requests (Counts

One through Four). Plaintiffs allege that each request was denied in whole or in part, or is expected to be denied, pursuant to the FBI's blanket policy of considering requests for search slips less than 25 years old to be exempt from disclosure under FOIA Exemption (b)(7)(E). Compl. ¶¶ 15-16; id. ¶¶ 26, 29, 31, 37, 48 (alleging application of blanket policy). Plaintiffs also bring a facial challenge to this alleged policy (Count Five). Id. ¶¶ 59-65.

On June 12, 2013, the Court issued an Order directing plaintiffs to show cause why Counts One through Four of their complaint should not be severed from Count Five under Rule 21 of the Federal Rules of Civil Procedure or dismissed.[1] Plaintiffs filed a response on June 24, 2013, Dkt. No. 9, and a supplemental response on July 8, 2013. Dkt. No. 10. The government responded on August 9, 2013, by filing a memorandum expressing its views as to why these claims should be severed. Dkt. No. 15. The Court heard argument on the matter on September 16, 2013.

Upon consideration of the arguments presented at oral argument and in the parties' papers, Judge Howell's decision, and the applicable rules, the Court concludes that Counts One through Five are permissibly joined and that the interest of judicial economy weighs against severance at this time. Counsel for the government does not contest that the FBI's search slip policy is implicated in each of Counts One through Four, and it appears that legal questions relating to that alleged policy are likely to predominate over other issues in the case. Under such circumstances, the denials or reasonably anticipated denials of plaintiffs' FOIA requests on the basis of the same blanket policy are fairly construed as a "series of transactions or occurrences" under Rule 20 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 20(a); see 7 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1653, at 415 (3d ed. 2001) (noting

---

[1] The Order to Show Cause was issued by Chief Judge Richard W. Roberts. This case was reassigned to the undersigned on August 29, 2013.

2

that Rule 20's transaction requirement is not a "rigid test," but rather a "flexible concept[] used by the courts to implement the purpose of Rule 20 and therefore [is] to be read as broadly as possible whenever doing so is likely to promote judicial economy"); Disparte v. Corporate Exec. Bd., 223 F.R.D. 7, 10 (D.D.C. 2004) ("the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties") (internal quotation omitted).  The Court retains discretion to sever the claims at a later stage if it appears that the claims may be tried more conveniently in separate actions.  See FED. R. CIV. P. 21; 7 WRIGHT ET AL. §1653, at 416.

For the reasons set forth above, it is hereby

ORDERED that [Dkt. No. 8] the Order to Show Cause issued by Chief Judge Roberts is hereby DISCHARGED; and it is

FURTHER ORDERED that the parties shall meet and confer, and shall file a joint report containing a proposed briefing schedule or, if the parties cannot agree, each side's proposed briefing schedule on or before October 3, 2013.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE:  September 19, 2013					United States District Judge