# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **RYAN NOAH SHAPIRO**, *et al.*, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-0555 (RDM) |
| | ) | |
| **U.S. DEPARTMENT OF JUSTICE,** | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR PARTIAL STAY

The United States Department of Justice ("Defendant" or "FBI"), by and through the undersigned counsel respectfully move for a stay of this Court's order entered on April 8, 2016, pertaining specifically the Case Evaluation Forms. Defendant moves for this relief on the grounds that disclosure of these records would moot any appeal rights. Defendant respectfully requests a stay until sixty (60) days after the issuance of final judgment consistent with Federal Rule of Appellate Procedure 4(a) or, if the Court certifies this issue for appeal, sixty (60) days from that order. Counsel for the Plaintiffs do not consent to this request.

Plaintiffs in this action seek, *inter alia*, access to administrative processing records FBI generates in responding to requests under Freedom of Information Act, 5 U.S.C. § 552 *et seq*. ("FOIA"). Specifically, in Counts I and II, Shapiro and National Security Counsels ("Plaintiffs") requested Case Evaluation Forms, which are records that are "maintained in [FBI] administrative personnel files for purposes of tracking and evaluating the performance of employees who process FOIA and Privacy Act requests." ECF No. 48 at 8. FBI withheld these records pursuant to FOIA Exemptions (b)(2) and (b)(6). Plaintiffs had conceded that the analysts' names can be

withheld under Exemption 6. *Id*. at 33. The Court held that the Case Evaluation Forms are not "related solely" to personnel but to "how the FBI goes about fulfilling its obligations under FOIA and, thus, at least in that sense 'relate' to far more than issues of internal management." *Id*. at 40. Another judge of this Court had held that the Case Evaluation Forms are covered by exemption 2 because "there is no non-personnel use for this type of information." *Stein v. DOJ*, 2015 U.S. Dist. Lexis 133219 *24 (D.D.C. 2015). In a subsequent aforementioned order, the Court ordered FBI to produce the records by today.[1] Defendant now respectfully requests a stay of the Court's order pertaining specifically to the Case Evaluation Forms. The Court's rationale for issuance of a stay pending a ruling on Defendant's motion for reconsideration is equally applicable here.

"The power to stay proceedings, especially as to the ramifications of its own orders, is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931). Indeed, the D.C. Circuit has advised that a district court has "broad discretion to control its docket." *United States v. W. Elec. Co*., 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Kansas City Southern*, 282 U.S. at 763. Moreover, courts possess inherent authority to revisit any order issued prior to its becoming final. *Langevine v. District of Columbia*, 106 F.3d 1018, 1023 (D.C. Cir. 1997); *see Simmons Co. v. Bros. Co*., 258 U.S. 82, 90-91 (1922). Indeed, Fed. R. Civ. P. 54,

---

[1] Last Friday, Defendant moved for reconsideration of the Court's April 8, 2016 order as it relates to the other types of processing records and requested a stay. Yesterday, the Court granted Defendant's request and set a briefing schedule and oral argument on the motion for reconsideration.

explicitly permits such modifications of the Court's orders.  Fed. R. Civ. P. 54(b) (absent entry of judgment on fewer than all claims and an express determination by the Court that there is no just reason for delay, "an order or other decision. . . that adjudicates fewer than all the claims . . . does not end the action as to any claims . . . and may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

"Particularly in the FOIA context, courts have routinely issued stays where the release of documents would moot a [party's] right to appeal." *People for the Am. Way Found. v. U.S. Dep't of Educ.*, 518 F.Supp.2d 174, 177 (D.D.C. 2007).  Whether an injunction pending appeal is warranted turns on "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Cuomo v. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985) (citing *Washington Metropolitan Area Transit Com. v. Holiday Tours, Inc*., 559 F.2d 841, 843 (D.C. Cir. 1977)).  These factors are not prerequisites to be met, but rather considerations to be balanced.  Thus, "[a] stay may be granted with either a high probability of success and some injury, or vice versa." *Cuomo*, 772 F.2d at 974. Where the movant has established substantial irreparable harm and the balance of harms weighs heavily in its favor, it need only raise "serious legal questions going to the merits" to obtain an injunction pending appeal. *Population Inst. v. McPherson*, 797 F.2d 1062, 1078 (D.C. Cir. 1986) (quoting *Wash. Metro. Area Transit Comm'n*, 559 F.2d at 844); *see also Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979) ("Where . . . the denial of a stay will utterly destroy the status quo, irreparably harming appellants, but the granting of a stay will cause relatively slight harm to appellee, appellants need

not show an absolute probability of success in order to be entitled to a stay." (citing *Wash. Metro. Area Transit Comm'n*, 559 F.2d 841)).

Here, all four factors suggest that a stay is appropriate, but Defendant understands that the Court views the public interest issue differently.  The Court also noted that "there is no[] doubt that the problem the FBI describes is a serious one."  ECF No. 48 at 23.  There is a good chance that Defendant could prevail on the merits especially given that another judge of this Court ruled the other way.  *Miller v. Brown*, 465 F.Supp.2d 584, 596 (E.D. Va. 2007) ("While the Court cannot say that Defendants are likely to prevail in their appeal, the Court does recognize that this case raises an issue of first impression.  Because the Fourth Circuit may resolve the issue differently, Defendants have at least demonstrated a 'substantial case on the merits.'").

Also, Defendant's appeal rights would be irreparably harmed if the Court does not issue a stay.  Failure to issue the stay fundamentally moots out the Government's right to contest the district court's opinion in the Court of Appeals.  *See People for Am. Way Found. v. Dep't of Educ.*, 518 F.Supp.2d 174, 177, 179 (D.D.C. 2007) (issuing stay where parties agreed that disclosure of document would moot any appeal and noting that "[p]articularly in the FOIA context, courts have routinely issued stays where the release of documents would moot a defendant's right to appeal"); *Ctr. for Nat'l Sec. Studies v. DOJ*, 217 F.Supp.2d 58, 58 (D.D.C. 2002) (granting stay of order requiring release of information under FOIA); *see also HHS v. Alley*, 129 S.Ct. 1667 (2009) (staying district court's order which directed agency to disclose records, pending final disposition of appeal by court of appeals).  Defendant also respectfully requests this stay until after final judgment because it would enable all issues in this action to proceed in a judicially efficient manner.  Finally, the Court has already acknowledged and

Defendant agrees that there are possible national security and privacy matters implicated in the Plaintiffs' request, which caution pause. ECF Nos. 48, 53.

    For the foregoing reasons, a partial stay is respectfully requested to preserve the Defendant's appeal rights.

May 10, 2016                            Respectfully submitted,

                                        CHANNING D. PHILLIPS, D.C. Bar No. 415793
                                      United States Attorney
                                        for the District of Columbia

                                        DANIEL F. VAN HORN, D.C. Bar # 924092
                                        Civil Chief

By:      /s/                           
      KENNETH ADEBONOJO
      Assistant United States Attorney
      Judiciary Center Building
      555 4th Street, N.W. – Civil Division
      Washington, D.C.  20530
      (202) 252-2562

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| **RYAN NOAH SHAPIRO,** *et al.*, | ) ) ) |   |
| Plaintiffs | ) ) |   |
| v. | ) ) | Civil Action No. 13-0555 (RDM) |
| **U.S. DEPARTMENT OF JUSTICE,** | ) ) ) |   |
| Defendant. | ) ) |   |

## [PROPOSED] ORDER

Upon considering this motion, the record herein, and applicable law,

it is this ____ day of _____, 201_, hereby

**ORDERED**, that the Defendant's motion is hereby GRANTED; and it is

**FURTHER ORDERED**, that Defendant's production of Case Evaluation Forms is hereby stayed until sixty (60) days after entry of an appealable final judgment in this case.

RANDOLPH D. MOSS, U.S.D.J.

## **CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing Defendant's Motion for Partial Stay to be served on Plaintiffs' Counsel via ECF on this 10th day of May, 2016.

/s/
KENNETH ADEBONOJO
Assistant United States Attorney