UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **RYAN NOAH SHAPIRO**, *et al.*, | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) ) | Civil Action No. 13-0555 (RDM) |
| **U.S. DEPARTMENT OF JUSTICE,** | ) ) ) | |
| Defendant. | ) ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR A PARTIAL STAY FOLLOWING FINAL JUDGMENT

The FBI has moved for a partial stay of this Court's production order. [ECF dkt: 60.] Specifically, with respect to the WPU Case Evaluation Forms, the FBI asks the Court for "a stay until sixty (60) days after the issuance of final judgment consistent with Federal Rule of Appellate Procedure 4(a) or, if the Court certifies this issue for appeal, sixty (60) days from that order." (Def. Mot. at 1.)[1] The FBI states as grounds for its request "that disclosure of these records would moot any appeal rights." (Def. Mot. at 1.)

The FBI, however, does not to cite the particular rule it is relying on in support of its motion for a stay. The stay is not a stay of an order pending appeal under Fed. R. App. Pro. Rule 8(a), as no appeal has been noted. Nor does the requested stay fall into any of the provisions of Fed. R.

---

[1] The relief sought in this motion appears to conflict with the relief sought by the FBI in its motion for reconsideration, which seeks a stay as to production of the search slips, FOIA processing notes, and WPU case evaluation forms, but only "[i]f defendant's motion for reconsideration is denied[.]" Given that the FBI offered no argument in support of this request for a broader stay, and that the motion for a partial stay was made in a different filing which the FBI does not purport to incorporate by reference, Plaintiffs have limited their argument in this brief to opposing the relief sought in the motion for a partial stay.

Civ. Pro. Rule 62, which governs stays of proceedings to enforce a judgment. Rule 62(c), which is frequently relied on by defendants in FOIA cases, is inapplicable by its own terms here, because it applies only "[w]hile an appeal is pending from an interlocutory order[.]"

The FBI instead relies on a statement from a 1931 Supreme Court case, *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931), which held that the power to stay proceedings is "incidental" to the inherent power of a court to control its own docket. (Def. Mot. at 2.) That case, however, predates the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure. Courts exercising their inherent authority must now do so "in a manner that is in harmony with the Federal Rules of Civil Procedure." *Strandell v. Jackson Cnty.*, 838 F.2d 884, 886 (7th Cir. 1987). *See also Carlisle v. United States*, 517 U.S. 416, 427 (1996) ("The case law of this Court that petitioner relies upon does not establish any 'inherent power' to act in contravention of applicable Rules.")

The current state of the law is that federal courts' power to stay cases pursuant to their inherent authority is limited:

> "Furthermore, to the extent the stay purported to be issued pursuant to the district court's inherent authority in the interest of judicial economy, '[t]he applicable jurisprudence appears in *Landis v. North American Co.*, 299 U.S. 248 (1936).' *Dellinger*, 442 F.2d at 786; *see McSurely v. McClellan*, 426 F.2d 664, 138 U.S. App. D.C. 187 (D.C. Cir. 1970); *cf. Obaydullah v. Obama*, 609 F.3d 444, 449, 391 U.S. App. D.C. 235 (D.C. Cir. 2010). In *Landis*, the Supreme Court instructed that a court abuses its discretion in ordering a stay 'of indefinite duration in the absence of a pressing need.' 299 U.S. at 255."

*Belize Soc. Dev., Ltd. v. Gov't of Belize*, 668 F.3d 724, 731-32 (D.C. Cir. 2012).

The stay requested by the FBI here is "of indefinite duration," as it would last, according to the proposed order, "until sixty (60) days after entry of an appealable final judgment in this case." (Def. Mot. Proposed Order.) Such a final order could come weeks, months, or years from

now, depending on the course of this litigation. There is no "pressing need" in this case for such a stay of indefinite duration. The sole purpose urged for granting a stay is to avoid mooting the disclosure issue until resolution of an appeal. But despite having ample time to file an appeal, the FBI has not done so, [2] and may never do so.

Plaintiffs do not oppose, in principle, a stay pending appeal issued pursuant to Fed. R. Civ. Pro. Rule 62, provided that the FBI files a notice of appeal and that it represents, or is required, to seek expedited scheduling before the D.C. Circuit. That procedure is the norm in FOIA cases in this jurisdiction.  *See e.g., People for the Am. Way Found. v. United States Dep't of Educ.*, 518 F. Supp. 2d 174 (D.D.C. 2007) (condition stay on agency's filing a notice of appeal, and requiring the agency to seek an expedited appeal, as well as to justify any extensions of the briefing schedule on appeal); *Ctr. for Nat'l Sec. Studies v. United States DOJ*, 217 F. Supp. 2d 58 (D.D.C. 2002) (granting stay pending appeal in FOIA case where government had already filed a notice of appeal and promised that it would seek expedited consideration by the D.C. Circuit).

Moreover, when courts in this jurisdiction grant stays pending an appeal in FOIA cases, they often rely on the agency's representation that it will seek expedited processing from the D.C. Circuit. Here, the FBI has not made any such representation.

---

[2] The FBI appears to be suggesting to the Court that it cannot file an interlocutory appeal without permission from this Court or awaiting entry of a final judgment. (Def. Mot. at 1.) As was discussed by the parties at the last status hearing, however, disclosure orders in FOIA cases are immediately appealable. *Judicial Watch, Inc. v. United States Secret Serv.*, 726 F.3d 208, 214 n.7 (D.C. Cir. 2013) ("A FOIA disclosure order is injunctive in nature, and is therefore immediately appealable as an interlocutory order, if it requires the disclosure of documents for which the agenc[y] claim[s] no basis for non-disclosure beyond the argument already rejected by the district court") (internal quotation marks omitted, alterations in original).

While the FBI may be able to demonstrate its entitlement to some form of temporary relief pending appeal,[3] it has not done so here. Because the burden is on the movant to justify a stay, *Nken v. Holder*, 556 U.S. 418, 433-34 (2009), the motion should be denied.


Respectfully submitted,


| | |
|---|---|
| /s/ Jeffrey L. Light | /s/ Kelly B. McClanahan |
| Jeffrey L. Light, Esq. | Kelly B. McClanahan, Esq. |
| D.C. Bar #485360 | D.C. Bar #984704 |
| 1712 Eye Street, NW, Suite 915 | National Security Counselors |
| Washington, DC  20006 | 4702 Levada Terrace |
| 202-277-6213 | Rockville, MD  20853 |
| Jeffrey@LawOfficeOfJeffreyLight.com | 301-728-5908 |
| | 240-681-2189 fax |
| | Kel@NationalSecurityLaw.org |

*Counsel for Plaintiffs*

---

[3] Plaintiffs do not mean this statement to be understood as a concession that the FBI has already met its burden of demonstrating entitlement to a stay pending appeal. Plaintiffs disagree with the FBI's characterization of the four-prong test for granting a stay as being "not prerequisites to be met, but rather considerations to be balanced." (Def. Mot. at 3.) In years past, this jurisdiction has indeed applied such a sliding-scale approach: "[A] movant need not always establish a high probability of success on the merits. Probability of success is inversely proportional to the degree of irreparable injury evidenced. A stay may be granted with either a high probability of success and some injury, or *vice versa*." *Cuomo v. United States NRC*, 772 F.2d 972, 974 (D.C. Cir. 1985). The Supreme Court's decision in *Winter v. NRDC, Inc.*, 555 U.S. 7 (2008), however, has caused the D.C. Circuit to question whether its "sliding scale" approach remains valid. *Sherley v. Sebelius*, 644 F.3d 388, 393 (D.C. Cir. 2011). Although it declined to explicitly overturn the "sliding scale" approach, the D.C. Circuit in *Sherley* "read[s] *Winter* at least to suggest if not to hold that a likelihood of success is an independent, free-standing requirement for a preliminary injunction[.]" *Id.* (internal quotation marks omitted). *See Wash. Metro. Area Transit Com. v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977) (holding that the same standard applies to motions for preliminary injunctions and motions for stays pending appeal). Here, the FBI has not made a showing of a "likelihood" of success on the merits, at least on the present record.