**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                          )
**RYAN NOAH SHAPIRO,** *et al.*            )
                                          )
            **Plaintiffs**                 )
                                          )        **Civil Action No. 13-0555 (RDM)**
            **v.**                         )        **(ECF)**
                                          )
**DEPARTMENT OF JUSTICE**                  )
                                          )
            **Defendant.**                 )
_____)

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' CROSS MOTION FOR SUMMARY**
**JUDGMENT AND REPLY TO PLAINTIFFS' OPPOSITION TO**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The Department of Justice ("Defendant" or "FBI"), by and through the undersigned

counsel, respectfully submits this Opposition to Plaintiffs' Cross Motion for Summary Judgment

and Reply to Plaintiffs' Opposition to Defendant's Motion for Summary Judgment.   As

Defendant explains in more detail below, including the Tenth Overall and First Declaration of

Michael G. Seidel ("Seidel Decl."), Exhibit A, and the previous declarations of David M. Hardy,

Defendant is entitled to summary judgment and Plaintiffs' cross motion should be denied.   This

Court has already acknowledged, at least with regard to the file numbers at issue, that there are

attendant risks related to what can be gleaned from "aggregated" file numbers versus disclosures

of file numbers in isolation.   Thus, Plaintiffs' Opposition and Cross motion misses the forest for

the trees because, while some of their arguments might be valid in a different context or under

different circumstances, they are inapposite in this unique context.

1

**a.**        **FOIA Exemption 3**

The sole remaining narrow issue in this action brought under the Freedom of Information Act, 5 U.S.C. § 552 *et seq*., ("FOIA"), pertains to certain sensitive file numbers and sub filed numbers related to prior or "parent" FOIA requests,[1] withheld solely under FOIA Exemptions 1, 3, and 7(E).   *See* ECF No. 97, n. 6.   In its Third Motion for Summary Judgment, ECF No. 97, Defendant proffered that, in the "context" of its "investigative intelligence" duties, it released some file numbers, but "redacted [others]…because their release would reveal classified intelligence sources in the form of file numbers."   *Id*. (citing Seventh Hardy Declaration at ¶ 19 ("Seventh Hardy Decl.")).   Disclosure "presents the potential for individuals to develop and implement countermeasures, which would result in the loss of significant intelligence information."   *Id*. (citing Ninth Hardy Declaration at ¶¶ 5-7 ("Ninth Hardy Decl.")). As the Court has already recognized, "[t]he FBI's case for withholding 'sensitive' file numbers again rests on the mosaic theory."   ECF No. 92 at 21.   It does not appear that Plaintiffs have taken any real issue with the FBI's invocation of FOIA Exemption 3 except that the FBI has "provided no context" for claiming Exemption 3.   Because Plaintiffs have taken issue with FBI's invocation of Exemption 7(E), but not Exemption 3 to the same extent other than to refer the Court to another judge's reasoning, it would seem that they have conceded or acceded to that argument.   Thus, summary judgment for Defendant is warranted.

---

[1]        The "child" FOIA requests are the requests that are the subject of this litigation, which are the administrative records generated by the FBI during the search and processing of records related to the "parent" files.   The Court has painstakingly considered the myriad of claims in this action and adjudicated them leaving the aforementioned.

b.     FOIA Exemption 7(E)

It appears that Plaintiffs have reserved their ammunition to challenge the FBI's

invocation of FOIA Exemption 7(E) to protect certain sensitive file numbers and sub-file

numbers.   Because the Court already decided that these sensitive file numbers were compiled

for law enforcement purposes, "[t]he only issue outstanding appear[s] to be whether[] disclosure

'could' lead to circumvention of the law."   ECF No. 97 at 10-11 (citing *Shapiro v. DOJ*, 239

F.Supp.3d 100, 120-21 (D. D.C. 2017)).   To resolve this issue, the Court asked the narrow

question "whether the relevant investigations are open [or] closed."   *Id*.   The FBI withheld 36

pages and related file and sub file numbers pursuant to FOIA Exemption 7(E)-4 because they are

"'sensitive' per criteria described in the Seventh Hardy Declaration," i.e., showing individuals

intent on committing particular types of criminal behavior the areas where law enforcement

might be vulnerable to circumvention.   ECF No. 97 at 13 (citing Seventh Hard Decl.) ("Many

factors go into this analysis such as the type or program under which the file number falls,

whether the file is pending or closed, the subject or focus of the file, whether a file number has

been previously released, and its interrelatedness with other criminal and/or national security

investigations. These contextual factors become a type of litmus test to determine on a case-by-

case basis if a file number can be released without harm or must be redacted. In this case, the

FBI released many file numbers that did not meet some of these thresholds while redacting

others it deemed 'sensitive' because it did meet these thresholds.").

Plaintiffs argue that the Court should deny Defendant's motion and grant their cross

motion merely because, in their view, the FBI has not answered the narrow open or closed

question.   ECF No. 99 at 4-5.   Plaintiffs sole argument is that the FBI has not "create[d] a

proper factual record" to justify the FOIA Exemption 7(E) withholdings.   The FBI has answered

by broadening the relevant question to whether sensitive file and sub file numbers "would" aid

nefarious individuals in finding law enforcement vulnerabilities and thereby circumvention.   On

its face, this explanation meets the highly deferential standard the Court must apply under 7(E).

*Sack v. DOJ*, 65 F.Supp.3d 29, 39 (D. D.C. 2014); *Gardels v. Cent. Intelligence Agency*, 689

F.2d 1100, 1104 (D.C. Cir. 1982) ("Once…the information logically falls into the exemption

claimed, the courts need not go further to test the expertise of the agency, or to question its

veracity when nothing appears to raise the issue of good faith").   The presumption of good faith

should be accorded as the FBI expert determination that certain sensitive files and sub files carry

with them the attendant risk of circumvention.   Because it has demonstrated the dangers of

releasing the relevant file numbers in the aggregate, Defendant's motion for summary judgment

should be granted.

   Relatedly, notwithstanding the fact that the investigation into the death of Hiram Kitchen

is now closed, using the analysis outlined above, Seventh Hardy Decl., ¶ 19, which informs its

determination about risk of circumvention attendant with file and sub file numbers in the

"aggregate," the FBI withheld related numbers because "there is a pending investigation being

conducted by another agency under circumstances where referral is not required by law."   ECF

No. 97 at 13 (citing Ninth Hardy Decl. at 7, n.8).   In response, Plaintiffs argue that "it is hard to

imagine what information might be revealed by disclosure of the file numbers being withheld

that has not already been revealed by disclosure of the underlying document."   ECF No. 99 at 8.

However, the case notes' file numbers are not the same as the file number(s) that the FBI is

withholding, which "specifically divulge the FBI's involvement with the case, that is, the law

enforcement reasoning   for which these specific redacted file numbers were created."   Seidel Decl., ¶ 5.   Thus, because Plaintiffs have presented nothing but speculation about file numbers related to the Kitchen murder, they have failed to rebut the FBI's rationale and Defendant's motion should be granted and Plaintiffs' cross motion denied.

Defendant has posited the same reasonable argument for why, like the Kitchen murder case notes, other case files cannot be segregated.   "[T]he FBI does not segregate file numbers because disclosure of any part of the file number within the context of the file itself provides a requester the framework necessary to essentially determine the exact matter which prompted the FBI to open an investigation."   ECF No. 97 at 15 (citing Ninth Hardy Decl., ¶¶ 9-10).   Plaintiffs respond by appearing to reargue an issue that the Court has already decided that "virtually nothing about the FBI's 'focus' would be revealed by disclosure of redacted file numbers for closed files, at least not in any way that would aid a criminal in circumventing the law.   ECF No. 99 at 6.   The Court has already ruled that it "is not convinced that the mere fact that investigation is closed severs the 'logical' link between release of the information and the risk of circumvention; knowing that the FBI has historically focused its enforcement efforts in a particular region, for example, might aid a criminal in circumventing the law."   ECF No. 92 at 27.   Plaintiffs arguments that merely redacting the part of the file number that indicates where an investigation originated and/or that the FBI should commit resources to segregating file numbers misses that overarching point that release of *any* portion of a "sensitive" and withheld file number risks circumvention of the law.   Plaintiffs have the luxury of speculating in abstract that disclosure of innocuous file numbers is harmless, but the FBI does not have that luxury especially given their expertise.

5

Regarding the sensitive file and sub file numbers, Plaintiffs argue that the FBI has waived its right to withhold all file numbers under the "prior disclosure" doctrine.   Plaintiffs argue that the "frequency" of the FBI's "inadvertent" file disclosures suggests "sloppiness" and that the Court should disregard the FBI's declaration on that point.   However, Plaintiffs' proffer does not meet the prior disclosure test, which is "quite strict."   *ACLU v. DOJ*, 640 Fed.Appx. 9, 11 (D.C. Cir. 2016). The "prior disclosure" test evaluates whether: "(1) the information requested must be as *specific* as the information previously released; (2) the information requested must *match* the information previously disclosed; and (3) the information requested must already have been made public through an official and documented disclosure."   *Wolf v. CIA*, 473 F.3d 370, 378 (D.C. Cir. 2007).   "Prior disclosure of similar information does not suffice; instead, the specific information sought by the plaintiff must already be in the public domain by official disclosure."   *Id*.   Courts have explained that this "insistence on exactitude recognizes the Government's vital interest in information."   *Id*.

While Defendant admits that there have been inadvertent file disclosures, such is not to be unexpected given the hundreds of thousands of pages of records involved in Plaintiff Shapiro's 58 FOIA requests in this action.   Also, based on the criteria set forth above and in the Seventh Hardy Declaration, the FBI released many file numbers that did not meet the aforementioned thresholds while redacting others it deemed "sensitive" because they did.   Thus, there might have been inadvertent, but not inconsistent disclosures, but Plaintiffs' belief that they have proffered "substantive evidence that prior disclosure of file numbers in fact occurred" does not meet the *Wolf* test that the records "match."   Thus, Plaintiffs' failure to demonstrate "exactitude" demonstrates that the FBI has not waived disclosure and would be entitled to

6

summary judgment.

Finally, Plaintiffs resurrect quite a few purported arguments regarding settled issues or arguments that it would appear have been waived.   Regarding the issue of records that were withheld pursuant to FOIA Exemption 5 deliberative process requested by Plaintiff Truthout, they argue that the FBI withheld more records than permitted by the Court.   ECF No. 99 at 13. Specifically, they argue that the FBI withheld additional "information [] created before the *Truthout* lawsuit was *filed*, sometimes by over a year" and that the Court should "order the FBI to release all information improperly redacted."   *Id*.   "RID reviewed the case notes at issue and determined the notes implicate a separate litigation [*Leopold v. CIA*, 12-0245 (BAH)] filed by Plaintiff Jason Leopold on February 14, 2012 relevant to this case…[B]oth the Truthout and Leopold litigations associated with the same underlying FOIA request…and litigation strategy." Seidel Decl. at 4, 6.   Plaintiffs also argue that the Court has already denied the application of Exemption 7(E) to Truthout records, but the FBI is still improperly withhold those records. ECF No. 99 at 15-16.   "RIDS [has] reviewed the Court order afresh, and does not read any indication that the Court advised it has lost the applicability of Exemption 7(E) regarding the Truthout records or indeed any of the other underlying FOIA request at issue in this litigation." Seidel Decl. at 4-5, ¶ 7; *see also id*., ¶ 8.

Plaintiffs appear to be alleging that FBI did not produce Public Information Officer or "PIO" slips or other administrative documents used during the process of the underlying FOIA requests.   *See* Seidel Decl., ¶ 9.   Notwithstanding the ambiguous nature of Plaintiffs requests on this issue, as "an act of good faith, the FBI is in the process of examining all of the underlying administrative documents for the three FOIA requests Plaintiffs mention…RIDS will process

any non-exempt material and subsequently release the material to Plaintiffs at a later date."

Seidel Decl., ¶ 11.   Plaintiffs also belatedly raise the issue of search adequacy that they have

arguably waived.   ECF No. 99 at 15-19.   "Although at the time of filing the First Hardy

Declaration, the FBI sought to categorically deny many of the resultant counts, the underlying

search for records remains the same" and the FBI "re-states the background information" of it

document processing systems "and search for records for Counts 2-4."   Seidel Decl., ¶¶ 13-22.

Specifically, with regard to Court 2, "RIDS conducted a search of FDPS using the referenced

litigation case captions and/or their respective civil actions numbers to locate material responsive

to [this] request and subject to FOIA."   *Id.*   For Counts 3 and 4, RIDS used common sense and

search using the parent FOIA request numbers and supervisors' "administrative personnel

folders" for employees' case evaluation forms.   *Id.*   As this case has progressed, FBI has made

appropriate disclosures consistent with this Court's rulings.   *Id.*   FBI employed search methods

reasonably expected to produce responsive results, *see Oglesby v. Dep't of the Army*, 920 F.2d

57, 68 (D.C. Cir. 1990), and specifically identified which systems and terms it searched to

identify records responsive to Plaintiffs' requests, *see White v. Dep't of Justice*, 840 F.Supp.2d

83, 89 (D. D.C. 2012). Thus, because the FBI searched all files likely to contain responsive

records, the Court should conclude that its search was adequate.   *See Oglesby*, 920 F.2d at 68;

*Ladeairous v. DOJ*, 2016 U.S. Dist. Lexis 29731 (D. D.C. 2016) (finding use of name and social

security number constituted a good faith effort to conduct a search for the requested records.).

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion for summary judgment should be granted

and Plaintiffs' cross motion denied.

January 11, 2018                    Respectfully submitted,


                                   JESSIE K. LIU, D.C. Bar No. 472845
                                   United States Attorney
                                   for the District of Columbia

                                   DANIEL F. VAN HORN, D.C. Bar # 924092
                                   Civil Chief

                                   By:_____/s/_____
                                   KENNETH ADEBONOJO
                                   Assistant United States Attorney
                                   Judiciary Center Building
                                   555 4th Street, N.W. B Civil Division
                                   Washington, D.C.   20530
                                   Telephone: (202) 252-2562

9

## **CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing Defendant's Opposition to Plaintiffs' Cross

Motion and Reply to Plaintiffs' Opposition to Defendant's Motion for Summary Judgment to be

served upon Plaintiffs' counsel via ECF.

on this 11th day of January, 2018

_____/s/_____

KENNETH ADEBONOJO
Assistant United States Attorney