UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RYAN NOAH SHAPIRO, *et al.*,

        *Plaintiffs*,

v.

DEPARTMENT OF JUSTICE,

        *Defendant*.

Civil Action No. 13-555 (RDM)

## MEMORANDUM OPINION AND ORDER

On September 5, 2019, the Court extended Defendant's deadline to file a renewed motion for summary judgment from September 4, 2019 to September 6, 2019 at 3:00 p.m. Minute Order (Sept. 5, 2019). Defendant missed that deadline by nine-and-a-half hours, filing its motion at 12:31 a.m. on September 7, 2019. Dkt. 132. In light of that missed deadline, Plaintiffs now move to strike Defendant's renewed motion for summary judgment as untimely, Dkt. 134, and Defendant moves for an extension *nunc pro tunc*, arguing that the missed deadline constitutes excusable neglect, Dkt. 137. Plaintiff has also moved to stay this proceeding pending the Court's resolution of its motion to strike. Dkt. 135.

Rule 6(b) of the Federal Rules of Civil Procedure permits a court to extend deadlines, even after the time to act has expired, if there is good cause and the party "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect is an equitable concept that considers 'all relevant circumstances' surrounding the failure to act." *Cohen v. Bd. of Trs. of the Univ. of the Dist. of Columbia*, 819 F.3d 476, 479 (D.C. Cir. 2016) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "Generally[,] 'excusable neglect' does not require counsel to have been faultless, and 'inadvertence, mistake,

or carelessness' can fall within the rule." *Id.* (quoting *Pioneer*, 507 U.S. at 388).  In determining what constitutes excusable neglect, the D.C. Circuit has instructed that a court must consider the four factors set forth by the Supreme Court in *Pioneer*: "(1) the risk of prejudice to the other side; (2) the length of the delay and the potential impact on judicial proceedings; (3) the reason for the delay and whether it was within counsel's reasonable control; and (4) whether counsel acted in good faith." *Id.* (citing *Pioneer*, 507 U.S. at 395).

Applying the *Pioneer* factors here, the Court concludes that Defendant's missed deadline was attributable to excusable neglect.

*First*, as Defendant observes, there has been no identifiable prejudice by the Department's filing of its motion nine-and-a-half hours later than it was required to do so.  *See* Dkt. 137 at 2.  Instead, Plaintiffs focus on the multiple times that Defendant has moved for summary judgment and on Defendant's allegedly incorrect representation to the Court that Plaintiffs consented to a two-day, rather than a one day, extension.  *See* Dkt. 134 at 1–3.  But the fact that Defendant has been allowed to move for summary judgment on several occasions has no bearing on whether Plaintiffs were prejudiced by the missed deadline, and Plaintiffs do not seek the imposition of sanctions for what they contend was a misrepresentation to the Court.[1]  Plaintiffs, moreover, do not claim that Defendant has engaged in a pattern of missed deadlines or dilatory tactic, and they disregard the fact that the case involves not only the interests of the

---

[1] Plaintiffs separately advised the Court of the alleged misrepresentation but simply "defer[ed] to the Court as to the appropriate remedy to address counsel for Defendant's misrepresentation to the Court."  Dkt. 131.  On review of Defendant's motion for extension, the Court is unpersuaded that counsel misrepresented the facts.  Although Counsel's factual representation could have been clearer, his motion is reasonably construed to assert that (1) he sought consent "only until tomorrow" but (2) subsequently determined that he would need an additional day.  Dkt. 130.

parties but also the privacy interests of third parties not before the Court. *See, e.g.*, Dkt. 132-1 at 2 (arguing that disclosure would cause "a clearly unwarranted invasion of . . . personal privacy").

*Second*, the "delay was brief, and there is no suggestion that it had a material effect on the proceedings." *Yesudian ex rel. United States v. Howard Univ.*, 270 F.3d 969, 971 (D.C. Cir. 2001). Indeed, it is difficult to imagine what "material effect on the proceedings" would have resulted from the missed deadline had Plaintiffs simply filed their brief in opposition to Defendant's motion for summary judgment and cross-motion for summary judgment on the established schedule—or, if necessary, had sought an additional nine-and-a-half hours to do so.

*Third*, as to the reason for delay, counsel for Defendant asserts that he missed the deadline because he misread the Court's order. Dkt. 137 at 1. That lack of attention to detail falls short of what the Court expects from counsel. Counsel also did himself little good by waiting six weeks to seek an extension *nunc pro tunc* (moving only after Plaintiffs moved to strike Defendant's motion for summary judgment). Plaintiffs are also correct that the Court had previously cautioned that "[n]o further extensions of time will be granted absent a showing of extraordinary circumstances," *see* Dkt. 138 (quoting Minute Order (Dec. 14, 2018)), and that the explanation offered by counsel for the Defendant falls short of that mark. But the Court's response must, nonetheless, be proportionate to counsel's error, and a nine-and-a-half-hour delay ought not carry the draconian consequence the Plaintiffs propose. Indeed, if the Court were to accept Plaintiffs' invitation to strike Defendant's motion, it would have to decide complex questions of law and fact that bear on the interests of persons not a party to this litigation without the benefit of adversarial briefing. That sanction is too harsh under the circumstances.

*Fourth*, and finally, although counsel's mistake was "[f]oolish . . . there is no suggestion of bad faith." *Yesudian*, 270 F.3d at 971.

It is, accordingly, hereby **ORDERED** that Defendant's motion for extension, Dkt. 137, is **GRANTED**, and Plaintiffs' motion to strike, Dkt. 132, and Plaintiffs' motion to stay, Dkt. 135, are hereby **DENIED** as **MOOT**; it is further **ORDERED** that Plaintiffs shall file their opposition to Defendant's motion for summary judgment and cross-motion on or before July 2, 2020; it is further **ORDERED** that Defendant shall file its reply brief and opposition to Plaintiffs' cross-motion on or before July 16, 2020; and it is further **ORDERED** that Plaintiffs shall file their final reply brief on or before July 23, 2020.  The parties are cautioned that further extensions will be granted only if sought at least three business days before the relevant deadline and if supported by extraordinary circumstances.

      **SO ORDERED**.

                                            /s/ Randolph D. Moss
                                            RANDOLPH D. MOSS
                                            United States District Judge

Date:  June 23, 2020