UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RYAN NOAH SHAPIRO, et al., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 13-0555 (RDM) |
| v. | ) ) | |
| DEPARTMENT OF JUSTICE, | ) ) | |
| Defendant. | ) ) | |

## MOTION FOR AN *EX PARTE*, *IN CAMERA* HEARING

Pursuant to Local Civil Rule 5.1(h) and the Court's inherent power to protect sensitive law enforcement and national security records under *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), the Federal Bureau of Investigation ("Defendant"), by and through the undersigned counsel, respectfully move for the hearing scheduled on September 29, 2023, to be held *ex parte* and *in camera*. Plaintiffs do not consent to this motion.

The Court "ordered [the parties] to appear for a hearing respecting this remaining issue on Friday, September 29, 2023, at 2:00 p.m. in Courtroom 8. Government counsel will be accompanied by an FBI technical expert who is familiar with the FBI's Freedom of Information and Privacy Act Document Processing System ("FDPS") and who can answer the Court's questions regarding the system and the material at issue. In addition, the FBI will be prepared, to the extent feasible, to provide the Court with a demonstration of the system,[1] including showing the Court what information exists in the relevant tabs at issue. This demonstration should include

---

[1] The FBI has informed the undersigned that it may not be able to conduct a demonstration of FDPS in open court due to its classification and is exploring guidance from the Justice Management Division on an appropriate setting for the demonstration.

the actual material currently in dispute, subject to any arguably applicable FOIA exemptions." August 8, 2023 Min. Order; *see also* Exhibit A, Twenty Fifth Overall and Fourteenth Declaration of Michael G. Seidel ("14th Seidel Decl.") at 3, ¶ 4.

As set forth in detail in the attached declaration, the hearing and demonstration scheduled for September 29, 2023, should be held *ex parte* and *in camera*, as this demonstration cannot be conducted without revealing classified information. 14th Seidel Decl. at 4, ¶ 6. Since 1999, the FBI "has used FDPS to process [FOIA and Privacy Act] requests, complete administrative criminal and civil discovery reviews, conduct mandatory declassification reviews, and support the [FBI] Office of the General Counsel in [FOIA and Privacy Act] related litigations.  Like other intelligence / national security agencies, the vast majority of FBI work is performed on classified systems. FDPS is maintained and utilized on the FBI's Secret-level classified enclave[] and is used to store and process both unclassified and classified information, including information related to the FBI's intelligence and national security missions."   14th Seidel Decl. at 3, ¶ 5.

FOIA Exemption 1, 5 U.S.C. § 552(b)(1), protects from disclosure records that are specifically authorized under criteria established by an Executive Order to be kept secret in the interest of national defense or foreign policy; and are in fact properly classified pursuant to such Executive Order. As Mr. Seidel explains, as the Section Chief of the FBI's Record/Information Dissemination Section, he has been designated by the Attorney General of the United States as an original classification authority and a declassification authority pursuant to Executive Order 13,526, §§ 1.3, 3.1.   14th Seidel Decl. at 2, ¶ 2.   Here, he determined that "[s]everal of the FOIA requests subject to Plaintiffs' requests contain classified records that were reviewed for potential release, as well as documents concerning the handling and review of those classified responsive records."   14th Seidel Decl. at 3, ¶ 5.   "For example, in the Fifth Declaration of David

M. Hardy (ECF No. 57, pp. 18-29), the FBI provided a detailed justification for withholding records in full or in part pursuant to FOIA Exemption 1 to protect classified information within the records responsive to the Plaintiffs' FOIA requests at issue for this hearing." *Id*.

Although there is a "common law tradition of public access to records of a judicial proceeding . . . the tradition of access is not without its time-honored exceptions." *See Hubbard*, 650 F.2d at 314-15 (remanding to the district court to reconsider an unseal order but with instructions regarding specific factors to consider and balance); *see also CNN, Inc. v. FBI*, 984 F.3d 114, 118 (D.C. Cir. 2021) ("[W]e have repeatedly recognized, competing interests may outweigh the strong presumption favoring disclosure."). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Hubbard*, 650 F.2d at 314-15 (citing *Nixon v. Warner Commc'n Inc.*, 435 U.S. 589, 597 (1978)). "The public has in the past been excluded, temporarily or permanently, from court proceedings or the records of court proceedings to protect private as well as public interests . . . as well as to guard against risks to national security interests." *Id*. at 315-16 (citing *United States v. Wash. Post*, 403 U.S. 943 (1971) (court permitting filing under seal of materials claimed to affect national security)).

"In the national security context, the FBI is no ordinary agency." *CNN*, 984 F.3d at 119-20. "The National Security Act requires the FBI to keep intelligence sources and methods confidential." *Id*. (citing 50 U.S.C. § 3024(i)). In the rare case where a hearing is necessary to determine whether the search in a FOIA case was adequate, the D.C. Circuit has endorsed *ex parte in camera* hearings where there are factual disputes. *See Ely v. Bureau of Prisons*, No. 85-5196, 1987 U.S. App. Lexis 9450, at *5-6 (D.C. Cir. June 30, 1987) ("The fact that the hearing was conducted *ex parte* was not error. If the district court allowed Ely to have access to the *in camera*

proceedings, the court would have effectively granted Ely what he seeks."). District Courts have followed suit. *See Long v. Immigr. & Customs Enf't*, 464 F. Supp. 3d 409, 415 (D.D.C. 2020) (holding an *ex parte in camera* hearing regarding data systems similar to the FBI's FDPS system in this case); *Buzzfeed, Inc. v. Dep't of Just.*, 318 F. Supp. 3d 347, 356 (D.D.C. 2018) ("On May 25, 2018, the court held a classified, *ex parte, in camera* hearing to discuss the newly filed declaration . . . [stating] that certain of the information sought was in fact classified.").

Similarly, because the Court has requested a hearing and demonstration of FBI FOIA processing capabilities that cannot be conducted without implicating classified and otherwise exempt FOIA records, an *ex parte*, *in camera* hearing is necessary. *See* 14th Seidel Decl. at 4, ¶ 6. Specifically, "FDPS is accessible only to authorized FBI personnel, [Justice Department] personnel, and assigned contractors with appropriate clearances. Due to the nature of the classified information maintained in FDPS, to include material in dispute in this case, providing a public demonstration of FDPS would result in an unauthorized disclosure of classified information." "The redaction or removal of this classified information from FDPS is not feasible while still including the actual material currently in dispute per the Court's request." *Id*. In other words, the FBI cannot conduct the demonstration and comply with its statutory obligations regarding national security and privacy simultaneously without the hearing being restricted as requested. *Id*.

Even if the Court were to set aside the national security justification and relied solely on the *Hubbard* factors, i.e., (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy, interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents

were introduced during the judicial proceedings, the result is still the same. *See CNN*, 984 F.3d at 118. The same rationale that animated the need to keep the records sealed in *Hubbard* are at work here because there is no need for public access predominantly to FOIA analysts' workflows, the records have not previously been in the public domain, individuals whose private information risks being released would likely prefer an *ex parte*, *in camera* hearing, risk of prejudice to the FBI is high if the hearing is not restricted, and the purpose of the demonstration is for the Court to understand how FDPS works, not a demonstration for the public. In addition to the classified information within FDPS, the system also contains records and information protected by statute pursuant to other FOIA Exemptions. The redaction or removal of this exempt information from FDPS is not feasible while still including the actual material currently in dispute per the Court's request.

Thus, for the foregoing reasons, the hearing and demonstration scheduled for September 29, 2023, should be held *ex parte* and *in camera*.

\*   \*   \*

Dated: September 20, 2023
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:      /s/ *Kenneth Adebonojo*
KENNETH ADEBONOJO
Assistant United States Attorney
United States Attorney's Office – Civil Division
601 D Street, NW
Washington, D.C.   20530
Telephone: (202) 252-2562
kenneth.adebonojo@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RYAN NOAH SHAPIRO, et al., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 13-0555 (RDM) |
| v. | ) ) | |
| DEPARTMENT OF JUSTICE, | ) ) | |
| Defendant. | ) ) | |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendant's motion for the hearing scheduled for September 29, 2023, to be held *ex parte* and *in camera*,

It is on this _____ day of _____, 2023, hereby

ORDERED that the aforementioned hearing will be conducted *ex parte* and *in camera*.

_____
RANDOLPH D. MOSS
United States District Judge