UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN NOAH SHAPIRO, *et al.* ) <br> ) <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF JUSTICE ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 13-0555 (RDM) <br> (ECF) |

**TWENTY-FIFTH OVERALL AND**
**FOURTEENTH DECLARATION OF MICHAEL G. SEIDEL**

I, Michael G. Seidel, declare as follows:

1.  I am the Section Chief of the Record/Information Dissemination Section (RIDS), Information Management Division, Federal Bureau of Investigation (FBI), Winchester, Virginia. I joined the FBI in September 2011, and prior to my current position, I was the Assistant Section Chief of RIDS from June 2016 to July 2020; Unit Chief, RIDS Litigation Support Unit, from November 2012 to June 2016; and an Assistant General Counsel, FBI Office of the General Counsel, Freedom of Information Act (FOIA) Litigation Unit, from September 2011 to November 2012. In those capacities, I had management oversight or agency counsel responsibility for FBI FOIA and Privacy Act (FOIPA) litigation cases nationwide. Prior to joining the FBI, I served as a Senior Attorney, U.S. Drug Enforcement Administration (DEA), from September 2006 to September 2011, where among myriad legal responsibilities, I advised on FOIPA matters and served as agency counsel representing the DEA in FOIPA suits nationwide. I also served as a U.S. Army Judge Advocate General's Corps Officer in various

1

assignments from 1994 to September 2006 culminating in my assignment as Chief, General Litigation Branch, U.S. Army Litigation Division, where I oversaw FOIPA litigation for the U.S. Army. I am an attorney licensed in the State of Ohio and the District of Columbia.

2. In my official capacity as Section Chief of RIDS, I supervise approximately 238 FBI employees, supported by approximately 103 contractors, who staff a total of nine (9) Federal Bureau of Investigation Headquarters (FBIHQ) units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA as amended by the OPEN Government Act of 2007, the OPEN FOIA Act of 2009, and the FOIA Improvement Act of 2016; the Privacy Act of 1974; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. My responsibilities also include the review of FBI information for classification purposes as mandated by Executive Order 13526, 75 Fed. Reg. 707 (Dec. 29, 2009) and the preparation of declarations in support of Exemption 1 claims asserted under the FOIA. The Section Chief, RIDS has been designated by the Attorney General of the United States as an original classification authority and a declassification authority pursuant to Executive Order 13526, §§ 1.3 and 3.1. The statements contained in this declaration are based on my personal knowledge, information provided to me in my official capacity, and conclusions and determinations reached and made in accordance therewith.

3. Because of the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. Specifically, I am aware of the FBI's handling of Plaintiffs' FOIA request in this litigation.

4. The FBI submits this declaration in response to the Court's Minute Order, dated August 8, 2023 (August 8 Order), directing the government to appear for a hearing on September 29, 2023 to address outstanding issues related to the FBI's FOIPA Document Processing System (FDPS). Specifically, the August 8 Order instructs that Counsel for the FBI "shall be accompanied by a technical expert from the FBI who is familiar with the FDPS system and who can answer the Court's questions regarding the system and the material at issue. In addition, the FBI shall be prepared to provide the Court with a demonstration of the system, including showing the Court what information exists in the relevant tabs at issue. This demonstration should include the actual material currently in dispute, subject to any arguably applicable FOIA exemptions." This declaration is offered in support of the FBI's motion for an *ex parte* and *in camera* hearing to provide the demonstration requested by the Court.

5. Since 1999, RIDS has used FDPS to process FOIPA requests, complete administrative criminal and civil discovery reviews, conduct mandatory declassification reviews, and support the Office of the General Counsel in FOIPA related litigations. Like other intelligence/national security agencies, the vast majority of FBI work is performed on classified systems. FDPS is maintained and utilized on the FBI's Secret-level classified enclave, and is used to store and process both unclassified and classified information, including information related to the FBI's intelligence and national security missions. Several of the FOIA requests subject to Plaintiffs' requests contain classified records that were reviewed for potential release, as well as documents concerning the handling and review of those classified responsive records. For example, in the Fifth Declaration of David M. Hardy (ECF No. 57, pp. 18-29), the FBI provided a detailed justification for withholding records in full or in part pursuant to FOIA

Exemption 1 to protect classified information within the records responsive to the Plaintiffs' FOIA requests at issue for this hearing.[1]

6.    FDPS is accessible only to authorized FBI personnel, DOJ personnel, and assigned contractors with appropriate clearances. Due to the nature of the classified information maintained in FDPS, to include material in dispute in this case, providing a public demonstration of FDPS would result in an unauthorized disclosure of classified information. As such, the FBI requests an *ex parte* and *in camera* hearing to provide the demonstration requested by the Court. Any individuals in attendance must have the required Secret-level clearance to attend the demonstration.

---

[1] Several of the FOIA requests subject to Plaintiffs' requests contain classified records that were reviewed for potential release, as well as documents concerning the handling and review of those classified responsive records. The redaction or removal of this classified information from FDPS is not feasible while still including the actual material currently in dispute per the Court's request.

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief.

Executed this 20th day of September 2023.

*[signature]*

MICHAEL G. SEIDEL
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia