UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| RYAN NOAH SHAPIRO, *et al*. ) | |
| ) | |
| Plaintiffs ) | |
| ) | Civil Action No. 13-0555 (RDM) |
| v. ) | (ECF) |
| ) | |
| DEPARTMENT OF JUSTICE ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION TO ENLARGE TIME TO FILE DEFENDANT'S SUPPLEMENT**

Pursuant to Federal Rule of Civil Procedure ("Rule") 6(b)(1)(A), the Department of Justice ("Defendant" or "FBI"), by and through the undersigned counsel, respectfully moves for an enlargement of time until February 1, 2024, to file Defendant's Supplemental submission.  In support hereof, Defendant states the following good cause:

1.      By Minute Order entered on October 16, 2023, the Court "ordered that on or before Nov. 1, 2023, Defendant shall file a supplement on the public record containing screenshots of each of the tabs of FDPS that are populated from the FBI's search for records responsive to each of these 20 FOIA requests, with any redactions necessary to protect exempt material and a *Vaughn* index explaining in detail the bases for any such redactions."  *See* Min. Ord.  This is Defendant's first request for an enlargement of time of this deadline.

2.      The FBI does not seek this enlargement lightly or to unduly delay a final resolution of this long-running litigation.  On the contrary, the enlargement is needed because of the painstaking and meticulous steps necessary to comply with the Court's order.  Indeed, because this is the first time that FBI would be creating and processing these screenshots from FDPS, it is

only prudent to seek this additional time to complete this task correctly rather than rush it.[1]  Given

the complex nature of this order, the Defendant respectfully requests an extension of time to ensure

that the process is conducted thoroughly and accurately.

3.    Specifically, the "only options to review these tabs are to view the system live in-

person,[2] or to create a new record by opening and displaying each tab screen of FDPS and

generating a screenshot of each displayed tab, which is then copied to a PowerPoint slide,

converted to an Adobe PDF and imported into FDPS as a document to be reviewed for applicable

exemptions."  *See* Exhibit A, 15th Seidel Decl. at 3 ¶ 6.

4.    "The FBI [has] reviewed the 20 requests and determined that to create the

screenshots at issue, it must open 57 individual case shells, each of which contains 15 tabs per case

shell, which would result in the creation of approximately 855 pages of screenshots. The time

needed to open each individual tab, create a screenshot, and save it is approximately 10 minutes

per case shell, which results in a total estimated time of 9 hours needed just to create the

screenshots."  *Id*. at ¶ 7.   This is an additional step that is not typically required in FOIA cases,

---

[1]     The issue of whether these screenshots constitute "agency records" and whether the FBI is
required to create such records under the FOIA has not been briefed.   "It is the core of the FBI's
legal position that creating such screenshots is the equivalent of creating a new record which is not
required under the FOIA." *See* 13th Seidel Declaration (ECF No. 191).   However, the FBI is
"preparing the screenshots to comply with the Court's order and in the hope that such an exercise
helps demonstrate that the FDPS tabs still at issue are not records in and of themselves, and also
do not store further responsive records beyond what has already been released to Plaintiffs." *See*
Exhibit A, Twenty-Sixth Overall and Fifteen Declaration of Michael G. Seidel at 3 fn. 2 ("15th
Seidel Decl.").

[2]     Although the Court denied the FBI's request for an *ex parte in camera* FDPS demonstration
and the FBI understands the Court's concerns about transparency, the FBI still believes that the
Court would benefit from an opportunity to ask questions of an FBI/RIDS representative in real
time.   This approach would not be a substitute for the current process, but could result in a better
understanding of how FDPS works and perhaps enhance the current steps being taken.

because creating these screenshots requires the Defendant to create records.  Only after the records are created can they then be ingested, reviewed, and processed.

5.      "Reviewing the volume of records in this sample would ordinarily take approximately 2 months," *see Nat'l Sec. Counselors v. Dep't of Just.*, 848 F.3d 467, 471–72 (D.C. Cir. 2017) (recognizing the FBI's 500-page-per-month policy 'serves to promote efficient responses to a larger number of requesters"), and additionally, "once created, each screenshot would need to be ingested into the system to be reviewed for applicable exemptions." *Id*. at ¶ 8. Processing Plaintiffs' request any faster would result in FBI having to divert limited resources dedicated to meeting other FOIA and Court-imposed deadlines.  Further, complying with the current timeframe of the Court's order would force the FBI to rush this process, which would afford the FBI less time to properly consider the issues and provide a quality product to the Court.

6.      "[T]he preparation of the *Vaughn* Index required by the Court could not begin until FOIA processing is completed, leaving the FBI with limited time to create a detailed product that would assist the Court in making its determinations." *Id*. at ¶ 9.  Thus, the FBI respectfully requests ninety days or until February 1, 2024, to complete this process in a manner that would be useful for the Court and the parties, and to ensure that the outcome is in the best interest of all parties involved.

7.      Rule 6 "specifically confers the 'discretion' relevant" to the relief sought here "for cause shown."  *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 895 (1990).   In other words, the Court "has discretion to grant timely requests for extensions [under Rule 6(b)(1)]." *Woodruff v. McPhie*, 593 F. Supp. 2d 272, 276 (D.D.C. 2009) *aff'd*, 383 F. App'x 5 (D.C. Cir. 2010).   The change in Rule 6(b)'s language from "for cause shown" to "for good cause" was "intended to be

stylistic only." *Cooper v. Dep't of Just.*, 169 F. Supp. 3d 20, 45 (D.D.C. 2016); *see also Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012) ("Good cause exists 'when some outside factor' [is at play]. rather than inadvertence or negligence.").

8.      Here, the FBI has shown "good cause" for the Court to exercise discretion to grant this motion based on the search process and the requirement to process 855 screenshots ordered by the Court and Plaintiffs, while balancing its other processing and litigation obligations, and preparing a *Vaughn* index at the end of the processing process.   *See McFadden v. Wash. Metro. Area Transit Auth.*, Civ. No. 14-01115 (RBW); 2014 U.S. Dist. Lexis 200354 *6 (D.D.C. Sept. 9, 2014) ("complicated, tedious, and time-consuming task[s]" constitute good cause); *Myrdal v. D.C.*, Civ. No. 05-cv-02351 (RCL), 2007 U.S. Dist. Lexis 41220, 2007 WL 1655875, at *1 (D.D.C. June 7, 2007) ("press of other business" was relevant to finding of good cause).

9.      Pursuant to LCvR 7(m), the undersigned conferred with Plaintiffs' Counsel who indicated that they would oppose this motion.

WHEREFORE, Defendant respectfully requests that this motion be granted.   A proposed order is attached for the Court's consideration, but a Minute Order would be just as welcome if the Court prefers.

*      *      *

October 26, 2023

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
United States Attorney's Office – Civil Division
601 D Street, NW
Washington, D.C.   20530
Telephone: (202) 252-2562

*Counsel for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

RYAN NOAH SHAPIRO, *et al*.          )
)
Plaintiffs          )
)          Civil Action No. 13-0555 (RDM)
v.          )          (ECF)
)
DEPARTMENT OF JUSTICE          )
)
Defendant.          )

---

## ORDER

**UPON CONSIDERATION** of Defendant's Motion to Enlarge Time, it is hereby

**ORDERED** that Defendant's Motion is hereby GRANTED, and

**ORDERED** that Defendant's supplement submission is due no later than February 1, 2024.

_____
DATE

_____
HONORABLE RANDOLPH M. MOSS
UNITED STATES DISTRICT JUDGE

6