UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RYAN NOAH SHAPIRO, *et al*. ) <br> ) <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF JUSTICE ) <br> ) <br> Defendant. ) | Civil Action No. 13-0555 (RDM) <br> (ECF) |

**TWENTY-SIXTH OVERALL AND**
**FIFTEENTH DECLARATION OF MICHAEL G. SEIDEL**

I, Michael G. Seidel, declare as follows:

1. I am the Section Chief of the Record/Information Dissemination Section (RIDS), Information Management Division, Federal Bureau of Investigation (FBI), Winchester, Virginia. I joined the FBI in September 2011, and prior to my current position, I was the Assistant Section Chief of RIDS from June 2016 to July 2020; Unit Chief, RIDS Litigation Support Unit, from November 2012 to June 2016; and an Assistant General Counsel, FBI Office of the General Counsel, Freedom of Information Act (FOIA) Litigation Unit, from September 2011 to November 2012. In those capacities, I had management oversight or agency counsel responsibility for FBI FOIA and Privacy Act (FOIPA) litigation cases nationwide. Prior to joining the FBI, I served as a Senior Attorney, U.S. Drug Enforcement Administration (DEA), from September 2006 to September 2011, where among myriad legal responsibilities, I advised on FOIPA matters and served as agency counsel representing the DEA in FOIPA suits nationwide. I also served as a U.S. Army Judge Advocate General's Corps Officer in various

1

assignments from 1994 to September 2006 culminating in my assignment as Chief, General Litigation Branch, U.S. Army Litigation Division, where I oversaw FOIPA litigation for the U.S. Army. I am an attorney licensed in the State of Ohio and the District of Columbia.

2. In my official capacity as Section Chief of RIDS, I supervise approximately 241 FBI employees, supported by approximately 100 contractors, who staff a total of nine (9) Federal Bureau of Investigation Headquarters (FBIHQ) units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA as amended by the OPEN Government Act of 2007, the OPEN FOIA Act of 2009, and the FOIA Improvement Act of 2016; the Privacy Act of 1974; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based on my personal knowledge, information provided to me in my official capacity, and conclusions and determinations reached and made in accordance therewith.

3. Because of the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. Specifically, I am aware of the FBI's handling of Plaintiffs' FOIA request in this litigation.

4. The FBI submits this declaration in response to the Court's Minute Order, dated October 16, 2023 (October 16 Order) and to respectfully request that the Court provide additional time to comply with the October 16 Order.

5. This Court had previously scheduled a public status conference on October 24, 2023 "to discuss how best to provide the Court with the information it needs to proceed."

October 2, 2023 Minute Order.[1] However, in its October 16 Order, the Court denied the FBI's motion for an *ex parte* and *in camera* hearing. Additionally, the Court vacated the status conference schedule for October 24, 2023, and instead, ordered the FBI to provide screenshots of "each of the tabs" within FDPS for 20 FOIA requests of Plaintiffs' choosing "in order to allow the Court to determine the truth of the matter." *See* October 16 Order.

6.  The only options to review these tabs are to view the system live in-person, or to create a new record[2] by opening and displaying each tab screen of FDPS and generating a screenshot of each displayed tab, which is then copied to a PowerPoint slide, converted to an Adobe PDF and imported into FDPS as a document to be reviewed for applicable exemptions.

7.  On October 18, 2023, Plaintiffs provided the FBI with the list of 20 selected FOIA requests for which to provide screenshots. The FBI reviewed the 20 requests and determined that to create the screenshots at issue, it must open 57 individual case shells, each of which contains 15 tabs per case shell, which would result in the creation of approximately 855 pages of screenshots. The time needed to open each individual tab, create a screenshot, and save it is approximately 10 minutes per case shell, which results in a total estimated time of 9 hours needed just to create the screenshots.

---

[1] A public status conference would not be as ideal as the requested *in camera* and *ex parte* hearing since the discussion would need to be limited to unclassified and nonexempt information and could not include a demonstration of FDPS. A public hearing would still provide the Court an opportunity to ask any questions it has regarding the database, and to address any inconsistent statements in real-time, reducing any further confusion about what information exists in the relevant tabs at issue.

[2] It is the core of the FBI's legal position that creating such screenshots is the equivalent of creating a new record which is not required under the FOIA. *See* 13th Seidel Declaration (ECF No. 191). However, the FBI is preparing the screenshots to comply with the Court's Order and help demonstrate that the FDPS tabs still at issue are not records in and of themselves and also do not store further responsive records beyond what has already been released to Plaintiffs.

8. Additionally, once created, each screenshot would be ingested into the system to be reviewed for applicable exemptions. Typically, consistent with the DC Circuit Court's opinion in *Nat'l Sec. Counselors v. United States Dep't of Justice*, 848 F.3d 467 (D.C. Cir. 2017), the FBI processes FOIA cases at a rate of 500 pages per month.[3] Reviewing the volume of records in this sample would ordinarily take approximately 2 months. As previously explained, in addition to the classified information within FDPS, the system also contains records and information protected by statute and pursuant to other FOIA Exemptions. *See* Defendant's Motion for An *Ex Parte, In Camera* Hearing, p. 4, fn. 1 (ECF No. 198).

9. Furthermore, the preparation of the Vaughn Index required by the Court could not begin until FOIA processing is completed, leaving the FBI with limited time to create a detailed product that would assist the Court in making its determinations.

10. For the reasons described above, the FBI respectfully requests 90 days to provide the documents and *Vaughn* index to the Court.

---

[3] *See Nat'l Sec. Counselors v. United States Dep't of Justice*, 848 F.3d 467, 471–72 (D.C. Cir. 2017) (recognizing the FBI's 500-page-per-month policy "serves to promote efficient responses to a larger number of requesters").

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief.

Executed this 24th day of October 2023.

*[signature]*

MICHAEL G. SEIDEL
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia