UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **RYAN NOAH SHAPIRO,** *et al.*,  )<br>                                                    )<br>       Plaintiffs                             )<br>                                                    )<br>               v.                                )     Civil Action No. 13-0555 (RDM)<br>                                                    )<br>**U.S. DEPARTMENT OF JUSTICE,**  )<br>                                                    )<br>       Defendant.                          )<br>                                                    ) | |

## PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR AN EXTENSION OF TIME

This Court's order of October 16, 2023 provided the FBI with a generous timeframe of over two weeks to file the screenshots of each tab of FDPS, along with a *Vaughn* index. The FBI indicates that it will take just over one business day (9 hours) to create the screenshots. (Fifteenth Seidel Decl. ¶ 7) [ECF dkt: 202-1]. The FBI must then make appropriate redactions and prepare a *Vaughn* index. The FBI now seeks a three-month extension of time: two months to make redactions and the remaining time to prepare a *Vaughn* index. The Court should deny the FBI's request for an extension of such an extraordinary length of time.

The FBI's desire to take two months to process the screenshots for redactions is based on its position that it should be permitted to process the screenshots at a rate of 500 pages per month, which is its typical rate for processing FOIA requests. (Fifteenth Seidel Decl. ¶ 5) [ECF dkt: 202-1]. This Court should reject the FBI's premise that processing the screenshots should be treated the same way as processing records responsive to a FOIA request.

The legal standard for extending a court-ordered deadline is different from the standard for processing requests under FOIA. Under FOIA, courts have allowed an agency to process records

at its standard processing rate, as long as that rate is reasonable. *Colbert v. FBI*, Civil Action No. 16-cv-1790 (DLF), 2018 U.S. Dist. LEXIS 233651 (D.D.C. Sep. 3, 2018).[1] In contrast, the "good cause" standard under the Federal Rules of Civil Procedure requires the moving party to show that the *court-ordered deadline* cannot reasonably be met. *Capitol Sprinkler Inspection, Inc. v. Guest Servs.*, 630 F.3d 217, 226 (D.C. Cir. 2011) ("[t]he good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite [its] diligence") (alteration in original, internal quotation marks omitted). Defendant points to no case law holding that an agency may replace a court-ordered deadline with one of its own choosing, if both are reasonable. In the context of processing a FOIA request, the relevant factors include the "compelling need of the request compared to others, as well as the effect of the request on the FBI's ability to review other FOIA requests," and "[w]hen determining the rate at which a federal agency must respond to FOIA requests, courts often give deference to the agency's release policies." *Colbert*, 2018 U.S. Dist. LEXIS 233651. None of these factors affect whether a court-ordered deadline "cannot reasonably be met[.]" *Capitol Sprinkler*, 630 F.3d at 226.

Further, the FBI has not shown diligence in attempting to comply with the existing court-ordered deadline. The only thing that the FBI claims to have done in the 10 days between the Court's order and its filing of the motion for an extension of time is counting the number of case shells involved in Plaintiffs' list of 20 FOIA requests. The FBI does not claim that it has begun

---

[1] Although the court in *Colbert* found the FBI's processing rate of 500 pages per month to be reasonable, other courts have found the FBI's proposed processing rate of 500 pages per month is not reasonable. *See e.g.*, *Seavey v. DOJ*, 266 F. Supp. 3d 241 (D.D.C. 2017).

Further, *Nat'l Sec. Counselors v. United States DOJ*, 848 F.3d 467, 471 (D.C. Cir. 2017), a case cited by Defendant (Def. Mot. ¶ 5), involved the reasonableness of the fees charged under "the FBI's interim release policy for large document requests, [as to which] the FBI includes up to 500 pages of responsive documents on a single CD[.]" Here, the processed screenshots are not being placed on a CD, and the present motion does not involve fee issues.

2

the process of making screenshots, much less completed the process, which it admits takes only 9 hours. (Fifteenth Seidel Decl. ¶ 7) [ECF dkt: 202-1]. The FBI also does not indicate that it has begun processing any screenshots, something which an agency exercising reasonable diligence to comply with a court order would have done by this time.

    The FBI similarly does not explain why it needs an additional month after it has completed processing to prepare a *Vaughn* index. The FBI claims that preparation of the *Vaughn* index cannot begin until processing of the screenshots has been completed, but this argument makes little sense in light of the FBI's claim that the information in the FDPS tabs pertaining to Plaintiffs' FOIA requests has been deleted and that the fields are empty. Further, if the FBI is planning to redact portions of the screenshots because the FDPS system is *itself* classified, as the agency represented to the Court, Defendant could have begun preparing the *Vaughn* index already (and likely completed it by this point). Similarly, if the field labels (as opposed to the informational content of the fields) are exempt, the FBI can prepare the *Vaughn* index now, without having examined the contents of each of the fields. If, on the other hand, the reason that the *Vaughn* index will take a month to prepare is that there is substantive information in the fields that is exempt from FOIA, the FBI should simply say so, as this would obviate the need for a sample at all, and allow the Court to immediately rule that the data in FDPS constitutes a record.

                                          Respectfully submitted,

                                          /s/ Jeffrey L. Light
                                          Jeffrey L. Light, Esq.
                                          D.C. Bar #485360
                                          1629 K Street, NW
                                          Suite 300
                                          Washington, DC  20006
                                          202-277-6213
                                          Jeffrey@LawOfficeOfJeffreyLight.com

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiffs*