UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RYAN NOAH SHAPIRO,** *et al.* ) <br> ) <br> **Plaintiffs** ) <br> ) <br> v. ) <br> ) <br> **DEPARTMENT OF JUSTICE** ) <br> ) <br> **Defendant.** ) <br> ) | **Civil Action No. 13-0555 (RDM)** |

**JOINT STATUS REPORT**

Pursuant to this Court's Order of October 31, 2023, the parties submit this Joint Status Report.

With respect to potentially responsive emails, the FBI is searching for and processing responsive emails in accordance with the Court's order of August 8, 2023. The FBI's search for responsive emails is still ongoing, and to date, the FBI has not yet made any interim responses to Plaintiffs. With respect to the FDPS issue, on November 22, 2023, the FBI filed on the public docket screenshots of the FDPS tabs for the FOIA requests identified by Plaintiffs. [ECF dkt: 204.]

Plaintiffs' Position

In Plaintiffs' view, the evidence is now sufficient for the Court to hold that the non-empty tabs in FDPS are records subject to FOIA. Plaintiffs therefore request this Court so hold and order the FBI to process and release to Plaintiffs the non-empty FDPS tabs for all of the FOIA requests at issue in this case. Additionally, Plaintiffs note that many of the screenshots provided by the FBI so far have non-exempt portions of the responsive records obscured. For example, the list of case files on Screenshot Sample-50, 51, 155, 156, 215, 216 is cut off at the bottom. [ECF

dkt: 204-2.] As another example, on Screenshot Sample-42, the columns to the right of "Pages Preprocessed" are cut off on the right-hand side. Plaintiffs therefore request that this Court specifically direct the FBI that when processing the non-empty FDPS tabs for release, the agency ensure that all non-exempt portions of records are included.

Plaintiffs further propose that the parties be ordered to submit another Joint Status Report 30 days after the Court issues an order resolving the FDPS issue. Plaintiffs propose that in the report, the FBI include an update on its progress in searching for and processing email records, and if the Court rules in Plaintiffs' favor on the FDPS issue, the FBI also include an update on its progress in searching for and processing the non-empty FDPS tabs. Once production of all responsive records is complete, the parties would then confer about whether any issues remain as to redactions.

Defendant's Position

This screenshot sample was created solely for the purpose of demonstrating the "content of the FDPS and whether it contains records responsive to Plaintiffs' FOIA requests." *See* October 16 Order. As instructed by the Court, the FBI has created and processed screenshots for a sampling of 20 requests at issue, along with a declaration detailing the exemptions applied. *See* ECF No. 204, 204-1, 204-2.

Following this filing, the Plaintiffs asserts that "the evidence is now sufficient" for the Court to hold that the non-empty tabs in FDPS are records subject to FOIA. Plaintiffs' assertion is premature because the FBI believes there is a predicate question of whether FDPS contained information that is *subject to the FOIA*. As explained in the Twenty-Seventh Overall and Sixteen Declaration of Michael G. Seidel at 7, ¶ 14 ("16th Seidel Decl.") (ECF No. 204-1), the FBI's position is that the screenshots do not adequately demonstrate the scope of the dynamic

information contained within the FDPS tabs. *Id.* at 7, ¶ 14.  The threshold issue here is whether FDPS itself is a record under the meaning of FOIA, and to date, this issue has not been briefed comprehensively. The FBI believes that briefing this issue is necessary in order to properly address the outstanding issues in this litigation.

While the screenshots provide helpful information about the contents of FDPS, they do not provide any information about the creation of these records and whether the FBI is obligated to do so under the FOIA. "It is the core of the FBI's legal position that creating such screenshots is the equivalent of creating a new record which is not required under the FOIA." *See* 13th Seidel Declaration (ECF No. 191). The FBI has previously acknowledged that parts of FDPS contain already-extant records that can be exported or extracted per the normal functions of FDPS. All of these records have been exported and processed and provided to Plaintiffs. *See* 16th Seidel Decl. at 3, ¶ 7.  The purpose of these remaining tabs is to facilitate the workflow of processing FOIA/Privacy Act requests, rather than to store records. *Id.* at 4, ¶ 9. Because the purpose of these tabs is to provide users with tools and information needed to manage the workflow of the relevant FOIA request, FDPS does not have a function that enables RIDS to print, extract, or export this information beyond what has already been located and provided to Plaintiffs. *Id.* at 4, ¶ 10.

The only options to completely review these tabs are to view and use the system in-person, or to create a new record. *Id.* The FBI maintains the position that creating such screenshots is the equivalent of creating a new record which is not required under the FOIA. *Id.* The Seidel Decl. also explains sets forth that creating the screenshots is not the simple process of merely pressing a print button that other exportable aspects of FDPS allow. It would be quite burdensome if the FBI has to routinely replicate the work around that resulted in the screenshots

in this case.

To illustrate, the Plaintiffs note that "many of the screenshots provided by the FBI so far have non-exempt portions of the responsive records obscured." This is accurate, and represents one of the difficulties inherent in the nature of trying to readily reproduce information from a database like FDPS. As previously explained, "[t]hese screenshots are limited to the information immediately displayed on each tab. FDPS contains numerous additional fields that cannot be displayed on a single screenshot. This includes information boxes that cannot be expanded in a static screenshot and requires the use of a scroll bar while using the program to view the full contents, drop down menus with various selections, and further information that is only visible once you click into a particular item. […] To effectively capture all the information present in FDPS with screenshots, the FBI would need to create innumerable screenshots to capture the various permutations of each tab, with each drop down or item selected that displays further information." *Id.* at 6, ¶ 12.

This further illustrates the FBI's position that the screenshots do not adequately demonstrate the scope of the dynamic information contained within the FDPS tabs. *Id.* at 7, ¶ 14. Previously, the Court issued an order instructing the FBI to provide the Court with a demonstration of the FDPS system, which would be conducted by a "technical expert from the FBI who is familiar with the FDPS system and who can answer the Court's questions regarding the system and the material at issue." *See* August 8, 2023 Minute Order. The FBI created these screenshots in the hope that such an exercise would address the outstanding questions related to the contents of FDPS, and to demonstrate that the FDPS tabs still at issue are not records in and of themselves. The FBI is prepared to address any of the Court's outstanding questions in a public hearing, which would provide the Court an opportunity to resolve any outstanding

questions it has regarding the system, address any inconsistent statements, and clarify what information exists in the relevant tabs at issue. *Id.* at 8, ¶ 16. However, if the Court prefers to rule on this issue without a hearing, the FBI proposes that the parties be permitted to fully brief the issue of whether FDPS itself is a record under the meaning of FOIA.

December 1, 2023

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:  /draft/
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
601 D Street, N.W. – Civil Division
Washington, D.C.  20530
Telephone: (202) 252-2562

*Counsel for Defendant*

/s/ Jeffrey L. Light
Jeffrey L. Light, Esq.
D.C. Bar #485360
1629 K Street, NW
Suite 300
Washington, DC  20006
202-277-6213
Jeffrey@LawOfficeOfJeffreyLight.com

 /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org
*Counsel for Plaintiffs*