UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **RYAN NOAH SHAPIRO,** *et al.*, | ) ) ) |  |
| **Plaintiffs** | ) ) |  |
| v. | ) ) | Civil Action No. 13-0555 (RDM) |
| **U.S. DEPARTMENT OF JUSTICE,** | ) ) ) |  |
| **Defendant.** | ) ) |  |

### PLAINTIFFS' RESPONSE TO DEFENDANT'S SUPPLEMENTAL NOTICE

This Court found it appropriate to permit "supplemental briefing on the question of whether the *entries in the FDPS* constitute 'records' subject to FOIA[.]" (Order of Dec. 4, 2023) (emphasis added). The FBI's supplemental brief concedes that the information in FDPS constitute records subject to FOIA. (Def. Supp. Br. 5) ("It is critical to note that the FBI is not taking the position that the *information* viewable in the FDPS tabs would not be an agency record if it were maintained in another format that the FBI had created or retained") (emphasis in original). Rather than discussing the issue identified by this Court, the FBI's supplemental brief focuses on issues outside the scope of this Court's order which are either irrelevant or have already been briefed.

First, the FBI frames the issue before this Court as whether the FDPS database or its tabs are records in and of themselves. (Def. Supp. Br. 5) ("[T]his Court is now being asked to consider whether certain tabs within an FBI database are records. . . . [I]t is the FBI's position that the FDPS database itself is not a record, in the same way that Congress did not intend for a computer to be a considered a record.") However, this Court did not ask for supplemental briefing on the

issue of whether the tabs or the FDPS are themselves records. It asked for briefing on whether "the entries in the FDPS" (i.e., the information in the FDPS) constitute records. Further, Plaintiffs' FOIA requests were not for the FDPS or tabs within the FDPS are records. Plaintiffs' FOIA requests were for information which happens to be contained in the FDPS and displayed on various tabs to a user accessing the FDPS.[1]

As a result of the FBI's incorrect framing of the issue, the arguments it makes about the issue and the case law it cites in support of its arguments are not relevant. The FBI's brief cites numerous cases which are clearly distinguishable because they involve plaintiffs seeking records, including screenshots, which did not exist.[2] Here, by contrast, Plaintiffs' request is not for screenshots or other records which do not exist. The requested records exist and are contained in FDPS. The FBI may use whatever method it prefers to extract the data, whether it is by taking a screenshot or writing a program.

---

[1] It is telling that the FBI tacitly admits that it had been misconstruing the scope of Plaintiffs' requests from the beginning, explaining that it had only focused on "search slips" and "notes" for eight years—even though Plaintiffs had specifically requested "administrative processing records"—and then complaining about Plaintiffs' "pivot[]" to focus on records from the "'administrative side' of FDPS." (*Id.* at 1.) The FBI's attempt to renew its argument that these records are beyond the scope of Plaintiffs' requests never explains why *records* from the "*administrative* side" of the FOIA Document *Processing* System are not "administrative processing records."

[2] *Colgan v. Dep't of Just.*, Case No. 14-0740 (TSC), 2020 WL 2043828, 2020 U.S. Dist. LEXIS 74319 at *30 (D.D.C. Apr. 28, 2020) (requested search screen screenshot did not exist); *Nat'l Sec. Counselors v. CIA*, 898 F. Supp. 2d 233, 270-71 (D.D.C. 2012) ("*NSC I*") (requested index and printouts did not exist); *Rutila v. Dep't of Transp.*, Case No. 3:16-cv-2911-B, 2022 WL 2359640, 2022 U.S. Dist. LEXIS 115669 at *9 (N.D. Tex. June 30, 2022) (requested screen display containing search results did not exist); *Powell v. Dep't of State*, Case No. 3:20-cv-1789, 2021 WL 2420147, 2021 U.S. Dist. LEXIS 111938 at *14 (N.D. Tex. May 20, 2021) (requested spreadsheet matching plaintiff's criteria did not exist); *Aguiar v. Drug Enf. Admin.*, 992 F.3d 1108, 1109 (D.C. Cir. 2021) (requested maps did not exist); *Nat'l Sec. Counselors v. CIA*, 969 F.3d 406, 409 (D.C. Cir. 2020) ("*NSC II*") (requested list of fee categories did not exist); *Brown v. Perez*, 835 F.3d 1223, 1229 (10th Cir. 2016) (requested printouts of how menu screens would appear to the user did not exist).

To the extent that any of the cases cited by the FBI are relevant, they support Plaintiffs' argument. In *NSC I*, for example, the court distinguished between requesting an agency "to produce an index or database listing in response to a FOIA request," which was not required, and requesting an agency to produce "data points that it retains in electronic databases," which was required. 898 F. Supp. 2d at 272. In this case, Plaintiffs have only requested the data points retained by the FBI in FDPS.

In *Colgan*, 2020 U.S. Dist. LEXIS 74319 at *31, the court's inquiry focused on the FBI's retention of records. The court explained that the FBI could not be required to produce a screenshot of "a blank search screen during use of the software" because "that storage is not permanent" since the agency did not retain the screenshot. Given that the storage was not permanent, "[f]or the government to produce the requested screenshots, it would have to open the software and create a screenshot, which would not otherwise exist from the last time the agency opened the software to the search screen." *Id*. Here, the requested records are not merely stored temporarily while the FDPS application is open on a user's screen, but are instead retained in a database which continues to exist even when a user's software is not open.

The FBI also cites to numerous cases involving FOIA's "form or format" provision, 5 U.S.C. § 552(a)(3)(B). These cases are not on point because Plaintiffs did not request the records in a specific form or format, and that provision does not allow for an agency to bootstrap itself into there being "no form or format" for reproduction of records by deliberately designing a database which cannot export data. To be clear, Plaintiffs are willing to accept the information contained in FDPS in whatever form or format is most convenient for the FBI to produce.

On this final point, one of the *National Security Counselors* related cases cited above is illustrative. In that case, the Central Intelligence Agency ("CIA") and the State Department

argued that no records were "readily reproducible by the agenc[ies]," 5 U.S.C. § 552(a)(3)(B), in any electronic format, solely because of the unnecessarily complicated processing system the agencies had established, in which the FOIA processing system was on each agency's classified network, and so extra steps were required to move records from the classified network to the unclassified network. Judge Howell stated that she was "somewhat skeptical regarding the State Department's explanation of the labyrinthine steps that are necessary to move a document from the classified system to an unclassified piece of electronic media," *Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101, 205 (D.D.C. 2013), and separately opined, "I can't imagine a more cumbersome process to have been created to do FOIA processing, I really can't. It boggles the mind that the CIA takes unclassified documents, puts them on a classified computer system, which can only print for obvious reasons in order to process what might otherwise be a fairly simple FOIA request for unclassified documents." Tr. of 12/16/11 Status Conf. at 7:18-23, *Nat'l Sec. Counselors v. CIA*, No. 11-443 (D.D.C.).

This discussion could just as easily have been about the FBI's claims regarding the work it would take to reproduce the information in FDPS, between numerous screenshots of scroll bars, required conversion of each screenshot to a PowerPoint slide, which is then converted it again to a PDF file, only to be added *back* to the FDPS, and the like. (Def. Supp. Br. 12.) This Court should apply the same healthy skepticism to the FBI's conclusory claims of unavoidable burden that Judge Howell applied to the functionally identical claims made by the CIA and State Department.[3]

---

[3] With respect to the FBI's assertion that the statements in its declaration are entitled to a presumption of good faith, that is true for factual statements, but a claim that *the only way* to produce a record is a screenshot is not a factual statement; it is a statement of opinion made by a witness who is not a technical expert in database design and is not qualified to provide an expert opinion on what extraction methods are possible.

The remainder of the arguments made by the FBI have already been briefed, and therefore, Plaintiffs will not repeat them here. Plaintiffs instead, in the interest of judicial economy, incorporate their arguments from their Response to Defendant's Notice Regarding FDPS [ECF dkt: 194].

Respectfully submitted,

/s/ Jeffrey L. Light
Jeffrey L. Light, Esq.
D.C. Bar #485360
1629 K Street, NW
Suite 300
Washington, DC  20006
202-277-6213
Jeffrey@LawOfficeOfJeffreyLight.com

 /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiffs*