UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RYAN NOAH SHAPIRO, et al.,

Plaintiffs,

v.

DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No. 13-0555 (RDM)

**NOTICE OF REPLY TO PLAINTIFF'S OPPOSITION TO SUPPLEMENTAL BRIEF**

Department of Justice ("Defendant" or "FBI"), by and through the undersigned counsel,
respectfully submits this Notice of Filing of a Reply to Plaintiffs' Opposition to Defendant's
Supplemental Brief regarding whether data in the FBI's Data Processing System (the "System" or
"FDPS") that is transient and often not retained constitute agency records for purposes of FOIA.
Plaintiffs mischaracterize the FBI's statements when they assert that the FBI concedes that the
System information in non-exportable tabs are records, but they leave out the important
qualification that adds "if . . . the FBI had created or retained, such as a printout or screenshot."
ECF No. 209 at 1 ("Pl's Opp'n").   This highlights the overall issue: FOIA does not apply broadly
to any and all information; rather, it applies only to information contained within an agency record.
*Ryan v. Dep't of Just.*, 617 F.2d 781, 785 (D.C. Cir. 1980) (not all information available to an
agency constitutes "agency records" for the purpose of the FOIA).   Here, the FBI has never
conceded that information contained in non-exportable tabs are "created" or "retained" in a way
that renders the information agency records for the purposes of FOIA.   17th Seidel Decl. (ECF
No. 208-1) ¶ 13.

Next, Plaintiffs assert that the "FBI's incorrect framing of the issue, the arguments it makes about the issue and the case law it cites in support of its arguments are not relevant" and then turns around to attempt to distinguish these authorities unsuccessfully in their next breath.   Pl's Opp'n at 2.   Plaintiffs have not rebutted the FBI's declaration about the producibility of the tabs' records other than to invite the Court to be skeptical.   The Court should decline this invitation.   As demonstrated in the FBI's briefing and declarations cited therein, these System tabs function as workflow management tools, and include nothing more than administrative data, not records, and Plaintiffs have not shown otherwise.   *See Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 151–52 (1980) ("FOIA is only directed at requiring agencies to disclose those 'agency records' for which they have chosen to retain possession or control.").   Courts— including the Supreme Court—repeatedly have held that documents that arguably could be captured and stored, but were not, are not "agency records" for FOIA purposes.   *E.g., Forsham v. Harris*, 445 U.S. 169, 182 (1980) (rejecting argument that "agency records" includes "all documents created by a private [party] to which the Government has access, and which the Government has used").

FOIA limits the documents a requester may receive to those that are "agency records." 5 U.S.C. § 552(a)(4)(B).   Although the term is not defined in the statute, the D.C. Circuit does not read the term literally to encompass "all documents in the possession of a FOIA-covered agency." *Jud. Watch, Inc. v. Secret Serv.*, 726 F.3d 208, 216 (D.C. Cir. 2013).   Rather, "the term 'agency records' extends only to those documents that an agency both (1) create[s] or obtain[s], and (2) controls . . . at the time the FOIA request [was] made."   *Id*.   Factors that determine whether an agency controls a document may include: "(1) the intent of the document's creator to retain or relinquish control over the records; (2) the ability of the agency to use and dispose of the record

2

as it sees fit; (3) the extent to which agency personnel have read or relied upon the document; and (4) the degree to which the document was integrated into the agency's record system or files." *Burka v. Dep't of Health & Hum. Serv.*, 87 F.3d 508, 515 (D.C. Cir. 1996). In determining whether a document is an agency record in light of the "totality of the circumstances," any fact related to the document's creation, use, possession, or control may be relevant. *See Consumer Fed'n of Am. v. Dep't of Agric.*, 455 F.3d 283, 287 (D.C. Cir. 2006).

Here, the unrebutted facts feeding the totality of the circumstances assessment are that the System "tabs function as workflow management tools and include nothing more than administrative data of the case that changes, or in some cases may be overwritten, as the workflow of a request progresses." 17th Seidel Decl. (ECF No. 208-1) ¶ 6. As innumerable FBI declarations, including those in this case, have explained, responsive records from other sources, e.g., the FBI's Central Records System, are imported into the System for processing purposes only, and those records are processed within the System and then exportable for release to requesters, including the Plaintiffs in this case. *See id*. at ¶ 5. "In contrast to the exportable portions of [the System], the purpose of these remaining tabs is to facilitate the workflow of processing FOIA/Privacy Act requests, rather than to store records. The information that appears within the tabs is not static and is constantly updating to reflect the status and workflow of a request." *Id*. at ¶ 6.

When the *Burka* factors are applied to the undisputed facts proffered by the FBI, i.e., that the System's workflow management information in these non-exportable tabs is transient, non-static, and frequently overwritten, it is reasonable to conclude that the FBI does not exercise sufficient control or intention to retain these records for them to be considered agency records. *See Cause of Action Inst. v. Off. of Mgmt. & Budget*, 10 F.4th 849 (D.C. Cir. 2021) (holding that

employees' browsing histories were not agency records because the agency's policies did not

indicate any intention to retain information that had default deletion schedules or could be deleted

at employees' discretion).   In *Colgan v. Department of Justice*, Civ. A. No. 14-0740 (TSC), 2020

U.S. Dist. LEXIS 74319 **31-32 (D.D.C. Apr. 28, 2020), relying on the FBI's declaration in that

case averring facts similar to those here, this Court held that "while data to display the search

screen is stored, that temporary storage does not constitute retention of a record."   The FBI's

declarations here repeatedly referenced the transient nature of the workflow processing

information, and Plaintiffs have offered nothing sufficient to counsel a different outcome here.

Finally, Plaintiffs have failed to meaningfully rebut the FBI's averments that the non-

retained non-exportable workflow management information is not "readily reproducible."   Def's

Br. at 10.   They merely invite the Court to be skeptical but give the Court no reason to be.   *See*

Pls' Opp'n at 4.   Because the information is not readily reproducible, the FBI:

> must access [each] individual case shell[], each iteration of which contains 15 tabs
> per case shell, which [would] result[] in the creation of [thousands of] pages of
> screenshots.   The process by which the FBI created the screenshots was by opening
> and displaying each tab of [the System], generating a screenshot of each displayed
> tab, and copying that screenshot to a PowerPoint slide where all the images for each
> tab in each iterative case shell were organized by the relevant FOIA number.   The
> PowerPoint document was then converted to an Adobe PDF and imported into [the
> System] to be reviewed for applicable exemptions.   Once created, each screenshot
> was ingested into [the System], and the FBI reviewed the screenshots for all
> applicable exemptions and protected all exempt information pursuant to the FOIA.

17th Seidel Decl. at ¶ 8.   The process described above only provides a first glance at the

gargantuan and unproductive task that would be entailed if that approach were applied to all of

Plaintiffs' requests and not just twenty.   Nor does it capture other related challenges that would

be entailed, such as additional scrolling to capture cascading iterations of the System's capability

regarding workflow management.   Because Plaintiffs have failed to respond other than to invite

the Court to be skeptical, and because agency declarations are accorded "a presumption of good

faith," *Shapiro*, 40 F.4th at 613, the FBI's averments that this information is not readily reproducible is unrebutted and conceded. *See Energy Policy Advocates v. Dep't of Interior*, Civ. No. 21-1411 (JDB), 2023 U.S. Dist. LEXIS 47760, at *8-9 (D.D.C. Mar. 21, 2023) (accepting as unrebutted the agency's declaration and a commonsense understanding of the Zoom platform— i.e., that Zoom chats are not saved by the sender or user in the same way as is true for other platforms, like text messages or Teams).

For the foregoing reasons as well as those raised in previous briefings and declarations, the Court should rule that information that is in unexportable tabs in the System are not agency records subject to FOIA.

Dated:  February 6, 2024
        Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:       /s/ Kenneth Adebonojo
        KENNETH ADEBONOJO
        Assistant United States Attorney
        601 D Street, NW
        Washington, DC 20530
        (202) 252-2562

*Attorneys for the United States of America*