**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                              )
**RYAN NOAH SHAPIRO**, *et al*.                  )
                                                              )
                    **Plaintiffs**                       )
                                                              )        **Civil Action No. 13-0555 (RDM)**
          **v.**                                              )        **(ECF)**
                                                              )
**DEPARTMENT OF JUSTICE**               )
                                                              )
                    **Defendant.**                       )
_____)

## JOINT STATUS REPORT

        Pursuant to this Court's Order of August 1, 2024, the parties submit this Joint Status

Report to propose a schedule for processing the remaining information contained within the

FBI's Freedom of Information and Privacy Act Document Processing System ("FDPS") for the

remaining FOIA requests at issue in this litigation.

        Plaintiffs' Position

        Because the FBI has yet to complete processing of both FDPS records (for 96 requests)

and email records (for 48 requests), Plaintiffs have proposed a scheduling arrangement to the

FBI which will resolve the processing of these requests within a few months without needing the

Court to engage in any unusual briefing procedures like pre-processing sampling[1]  and will also

avoid potentially requiring twice as much briefing for any redactions. Plaintiff proposes that the

parties be allowed to continue discussing the FBI's processing schedule and be ordered to file

_____

[1] As the Court is likely aware, the sampling process proposed by the FBI is generally undertaken
*after* the agency has completed processing all responsive records and can testify to the nature of
the withholdings already made. Engaging in representative sampling before the agency has
completed processing the records the samples are supposed to be representative of is unorthodox
and problematic.

another status report in two weeks either advising the Court that they have reached an arrangement or proposing a schedule to brief the FBI's proposed production schedule.

Defendant's Position

In its August 1, 2024 Order ("Order"), the Court instructed the FBI to process the FDPS screenshots for the remaining requests at issue in this litigation that have not already been produced. In compliance with the Order, the FBI has reviewed the remaining requests, and has determined that, in order to process the FDPS information for the remaining requests in a manner consistent with the methodology used to process the FDPS screenshots for the previous 20 requests already produced, the FBI will need to create and process approximately 3,500 pages of FDPS screenshots. Consistent with the DC Circuit Court's opinion in *Nat'l Sec. Counselors v. Dep't of Just.,* 848 F.3d 467 (D.C. Cir. 2017), the FBI processes FOIA cases at a rate of 500 pages per month. Accordingly, reviewing and processing this volume of records will take approximately 7 months from the time that the parties agree on a process.

Alternatively, in the interest of resolving the remaining issues in this case in a timely and judicially efficient manner, the FBI proposes that the parties brief the exemptions applied to the FDPS screenshots samples for the 20 FOIA requests identified by Plaintiffs. [ECF dkt: 204.] The FBI created screenshots of the FDPS tabs for these 20 selected FOIA requests, and processed a total of 855 pages of FDPS Screenshots, which are now filed on the public docket. 518 pages were released in full, and 337 pages were released in part. [ECF dkt: 204.]

While the FBI is prepared to process the remaining screenshots and release them over a seven month period following an agreement by the parties, it is concerned that the processing may be followed by extensive exemption briefing that has characterized this litigation.   A better path may be for the parties to brief the exemptions issues of the already released screenshots on a

representative basis now and for subsequent processing to be guided by the Court's ruling. *See Bonner v. Dep't of State,* 928 F.2d 1148, 1151 (D.C.Cir.1991) ("Representative sampling is an appropriate procedure to test an agency's FOIA exemption claims when a large number of documents are involved.")   Given that the FBI has already processed these screenshots, they provide a readily available sample of the screenshots at issue in this case, and the exemptions applied to these screenshots will be consistent with those that the FBI will apply to the remaining 3,500 screenshots.

Accordingly, the FBI proposes that the parties agree to stay the processing of the remaining FDPS screenshots, and instead, engage in briefing using the sample set of screenshots to address any challenges to the exemptions applied to these records.   The Court's ruling would be applied to the remaining screenshots, as he underlying material is substantially the same as those in the sample set.   FBI would be prepared to submit an opening brief not later than October 31, 2024.

Alternatively, if the Plaintiffs opposed briefing now, the FBI offers to prioritize the processing of the FDPS screenshots, if the Plaintiffs prefer that they be prioritized.   The FBI is currently providing monthly interim releases of responsive emails in accordance with the Court's order of August 8, 2023. However, if the Plaintiffs prefer to receive the FDPS records first, the FBI will agree to prioritize the processing of those screenshots first.

If the Plaintiffs do not agree to either of the FBI's proposals, the FBI proposes that the Court allow the FBI to continue to process the remaining records in accordance with its standard processing rate of 500 pages per month beginning when the parties agree, continuing with the responsive emails in accordance with the Court's order of August 8, 2023, followed by the FDPS screenshots in accordance with the Court's order of August 1, 2024, until processing is complete.

August 9, 2024                                    MATTHEW M. GRAVES, D.C. Bar #481052

United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:_____/draft/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
601 D Street, N.W. B Civil Division
Washington, D.C.   20530
Telephone: (202) 252-2562

*Counsel for Defendant*

/s/ Jeffrey L. Light
Jeffrey L. Light, Esq.
D.C. Bar #485360
1629 K Street, NW
Suite 300
Washington, DC   20006
202-277-6213
Jeffrey@LawOfficeOfJeffreyLight.com

 /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD   20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiffs*